BLOOMER AMUSEMENT COMPANY, Plaintiff-Appellant, *v.* SIDNEY ESKENAZI *et al.*, Defendants-Appellees.

Fifth District    No. 78-166

Opinion filed July 31, 1979.

Paul M. Storment, Jr., Ltd., of Belleville, for appellant.

Ducey and Feder, Ltd., of Belleville, for appellees.

Mr. JUSTICE KUNCE delivered the opinion of the court:

This is an appeal by plaintiff, a contract vendor of real estate, from the granting of a summary judgment for the defendant, Sidney Eskenazi, attorney for the contract purchaser, growing out of the attorney's alleged failure to record the real estate contract.

On or about July 7, 1967, plaintiff sold a certain tract of land in St. Clair County to Dori Development Company and, pursuant to a written contract entered into by plaintiff and Dori on the same day, plaintiff reserved a one-acre plot in the tract. The contract also provided for plaintiff's use of a parking area in a shopping center proposed to be constructed on the land. In June of 1972, Dori Development Company sold this property to Centurion Development Company which entered into a joint venture with another firm to construct a shopping center on the property. The July 7, 1967, agreement was recorded on September 24, 1973. Subsequently, Centurion refused to acknowledge the reservation of the one-acre plot to plaintiff and refused to set aside any of the land for plaintiff's use.

The defendant-appellee, Mr. Eskenazi, was at all relevant times attorney for Dori Development Company, and co-defendant Mr. Pessin was at all relevant times attorney for the plaintiff. Plaintiff in this proceeding sued the two attorneys in the alternative. Its complaint alleges negligence by defendant Eskenazi in his failure to have the July 7, 1967, contract recorded. Defendant Eskenazi moved for summary judgment in his favor against plaintiff, and plaintiff appeals from the trial court's granting that summary judgment motion after entering an order under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch.110A, par. 304(a)) finding no reason to delay the appeal. The suit against Mr. Pessin is pending.

The only issue before us is whether the summary judgment in favor of defendant Eskenazi was properly entered. The Civil Practice Act provides that a summary judgment may be granted as follows:

" (2) For defendant. A defendant may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part of the relief sought against him.

(3) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ill. Rev. Stat. 1977, ch. 110, par. 57.

According to plaintiff, certain statements in defendant Pessin's deposition leave unresolved a material issue of fact, namely the question of who had the responsibility to record the July 7, 1967, agreement. These statements by Pessin were that he had no knowledge as to the agreement in question; that Mr. Eskenazi was going to handle the developing of the ground himself; that Mr. Eskenazi failed to give a plot plan which was to be attached to the agreement in question showing the parking area for plaintiff's use; that he did not know whether Eskenazi sent a plot plan; that he and Eskenazi had worked on the plot plan together; and, finally, that he *assumed* that Eskenazi would place the agreement of record along with the deed. Plaintiff claims that from these statements it is clear that part of the responsibility of recording the July 7, 1967, agreement rested with Eskenazi.

■■ A summary judgment is considered a drastic remedy and is to be awarded and reviewed with due care and caution. (*Rivan Die Mold Corp. v. Stewart Warner Corp.* (1975), 26 Ill. App. 3d 637, 325 N.E.2d 357.) A party is entitled to a summary judgment only if the pleadings, depositions, interrogatories, affidavits, exhibits and admissions in the

record show that there is no genuine issue of material fact, and a summary judgment shall be denied if a fair-minded person can draw a different conclusion from the facts set forth in these documents. *Century Display Manufacturing Corp. v. D. R. Wagner Construction Co.* (1977), 46 Ill. App. 3d 643, 360 N.E.2d 1346.

■■ In reviewing this summary judgment, we first examine plaintiff's pleadings to determine its theory or theories of recovery against defendant Eskenazi. In doing so, we note pleadings are to be construed liberally and any question as to whether they disclose a possibility of recovery is to be resolved in favor of the pleader. (*Conyers v. Molloy* (1977), 50 Ill. App. 3d 17, 364 N.E.2d 986.) Plaintiff's complaint reveals but one cause of action, that of negligence. We strain to see some other theory or recovery in the allegations but none is even suggested.

■■ We next consider plaintiff's burden of proof in this negligence action against defendant Eskenazi. Plaintiff's negligence action against Eskenazi necessitates plaintiff's establishing that *Eskenazi owed it a duty* to exercise due care in connection with the task of recording the real estate agreement. (*National Savings Bank v. Ward* (1880), 100 U.S. 195, 25 L. Ed. 621.) In the *National Savings Bank* case, the defendant attorney was employed by the "owner" of a parcel of realty to investigate his title; he investigated the title and certified that the owner was his client. His client, however, had previously conveyed the subject property. The plaintiff bank relied on the defendant's certificate of title and loaned the "owner" money, taking a trust deed as security. The "owner" defaulted and the bank was unable to recover under the trust deed, whereupon the bank sued the attorney for negligent title investigation. The court held that because there had been no contract or communication between the attorney and the bank, the attorney was not liable to the bank. According to the Supreme Court:

> "[T]he general rule is that the obligation of the attorney is to his client and not to a third party, and unless there is something in the circumstances of this case to take it out of that general rule, it seems clear that the proposition of the defendant must be sustained." (*National Savings Bank v. Ward* (1880), 100 U.S. 195, 200, 25 L.Ed. 621, 623.)

According to the court, such circumstances that would make a case an exception to this general rule are "[c]ases where fraud and collusion are alleged * * *." (*National Savings Bank v. Ward* (1880), 100 U.S. 195, 203, 25 L.Ed. 621, 624.) No such allegations were made by the plaintiff in the instant case, nor would they have been supported by any of the record.

The pleadings and their attachments, the interrogatories and the depositions in this record leave no uncertainty that there was at no time a

relationship of attorney-client or agent-principal between plaintiff and defendant Eskenazi. The fact that Pessin was at all relevant times legal counsel for the plaintiff and that Eskenazi represented Dori Development Company—*not the plaintiff*—in connection with this real estate transaction is clear in the record. For example, count III of the complaint contains the following allegations:

"4. That the defendant, Sidney S. Eskenazi, was the attorney of record for the Dori Development Company for all relevant times hereinafter specified.

\* \* \*

6. That the defendant, Sam S. Pessin, was for all relevant times hereinafter specified the attorney of record for the Bloomer Amusement Co., a corporation."

Furthermore, Mr. Pessin stated unequivocally that he represented the plaintiff in this transaction and had represented the plaintiff on a continual basis since 1962 until February 17, 1975, and was, in fact, on retainer at the time of the transaction in question. Pessin further stated that Eskenazi represented Dori Development at all relevant times prior to and including July 7, 1967, and was at no time retained by the plaintiff to represent it and never entered into an attorney-client relationship with the plaintiff.

Because there exists no question about who represented whom in this real estate transaction between plaintiff and Dori Development Company and because plaintiff's pleadings suggest no theory of recovery other than negligence, we hold that the trial court properly granted defendant Eskenazi's motion for a summary judgment in his favor.

Accordingly, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

G. MORAN, P. J., and KASSERMAN, J., concur.