BYRON CHAMBER OF COMMERCE, INC., *et al.*, Plaintiffs-Appellants, *v.* JOSEPH LONG *et al.*, Defendants-Appellees.

Second District    No. 80-272

Opinion filed January 20, 1981.

Stephen T. Moore, of Thomas, Thomas, Keeling & Moore, of Rockford, for appellants.

Robert K. Clark, of Rockford, for appellees.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

This is an appeal from the order of the circuit court of Winnebago County dismissing with prejudice count I of the plaintiffs' complaint against the defendant law firm.

Count I is in the nature of a class action suit and arises out of the following circumstances. In June 1977, Byron Chamber of Commerce, Inc., a not-for-profit corporation, employed the defendant law firm of Barrick, Jackson, Switzer, Long and Balsley to perform the necessary legal work in creating the Byron Park District, with specific instructions to the defendant Long that the park district was to include and encompass the Byron Nuclear Plant, which was located on property which is part of Byron School District Unit 226. It was explained that it was the intent and understanding of the Byron Chamber of Commerce that the nuclear plant would be located within the park district, and the complaint alleges with that purpose in mind, Joseph Long, of the defendant law firm, was specifically instructed to use the same legal description for the Byron Park District as constituted the Byron School District Unit 226.

The defendant, in preparing the petition for the formation of the park district, erroneously used a legal description which encompassed the territory of an already existing park district, the Oregon Park District (see *In re Organization of Byron Park District* (1978), 67 Ill. App. 3d 61) with the result that the petition of the Byron Park District was held invalid by the circuit court. Before a new petition with the correct legal description could be presented on behalf of the Byron Park District, Oregon Park District forestalled Byron by submitting its own petition for inclusion in its park district of the territory encompassing the Byron Nuclear Plant, thus depriving the proposed Byron Park District of the revenue which would have accrued to it from the Byron Nuclear Plant.

The Byron Chamber of Commerce then brought its action against the defendant law firm in two counts, count I being a class action in the name of Chester Kobel, a taxpayer and resident within the limits of the Byron School District, as representative of the "residents, taxpayers, property owners and legal voters within the proposed Byron Park District, excepting those residents, taxpayers, property owners and legal voters who were situated within the proposed Byron Park District and who as hereinafter

set forth are now situated within the Oregon Park District." Count II of the complaint is for reimbursement of the legal fees paid by the Byron Chamber of Commerce to the defendant law firm for legal work in connection with the formation of the proposed Byron Park District.

The trial court dismissed count I—the class action count—as not conforming to the requirements of a class action suit. In rendering judgment, the court said the complaint "does not set forth adequate pleadings that meet the criterion for class action."

Section 57.2 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57.2), which sets forth the criteria for maintaining a class action suit in this State, reads as follows:

"Prerequisites for the maintenance of a class action.

(a) An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all parties is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."

The trial court found the complaint adequate as to requisites (1) and (2) set forth above, but said there was "a failure to show that the representative party will fairly and adequately protect the interests of the class" and a failure to show that "the class action is an appropriate method for fair and efficient adjudication of the controversy." The court was also of the opinion that the damages sought "can only be based on speculation and that the very existence of damages is conjectural."

In this appeal the plaintiffs contend they met all of the requirements of section 57.2 and 57.3 of the Civil Practice Act and that the trial court erred in (1) denying plaintiffs' motion pursuant to section 57.3 for an order determining that count I of the complaint may be maintained as a class action and that the residents, taxpayers, property owners and legal voters situated within the contemplated Byron Park District constitute the members of the class and (2) in denying the plaintiffs' motion for leave to file an amended count I.

■■ The plaintiffs argue that the court erred in making a finding that the class representative would not adequately represent the class without holding an evidentiary hearing. The plaintiffs cite *Frank v. Teachers Insurance & Annuity Association of America* (1978), 71 Ill. 2d 583, in

support of this contention. However, we do not find *Frank* apposite to the case before us. In *Frank*, the question was whether notice to all members of the class was constitutionally required for due process reasons—which was the question certified by the trial court to the appellate court to determine the correctness of its interlocutory order requiring notice. In the case before us, the trial court simply exercised its discretion in determining from the pleadings and arguments of counsel that there was a failure to show that the proposed class representative would adequately represent the class. While the *Frank* case suggested that it was not inappropriate to hear evidence on a specific point before making the findings requisite to maintaining a class action, this is by no means required by the statute. In the *Frank* case, the desirability of so doing as to the notice requirement was obvious. The case before us is not concerned with notice and the due process aspects thereof, but simply was a preliminary finding as to class representation. The suggestion made by the supreme court in the *Frank* case is not controlling in the situation we consider here.

■■ The trial court also found that the complaint failed "to show that the class action is an appropriate method for fair and efficient adjudication of the controversy." The plaintiffs object to this finding and assert in their brief that "[i]t is difficult to perceive any other method for adjudication of the controversy between the parties that would be fairer and more efficient than that of a class action." While we agree with this statement, this does not necessarily mean that the plaintiffs have a good case for a class action—it may only mean that the plaintiffs have a dubious case so far as count I is concerned which does not fit readily into any form of action. It is the plaintiffs' theory that the contract between the chamber of commerce and the defendant law firm was a contract for the benefit of third parties, but we think the plaintiffs distort the theory of third-party contracts in attempting to apply it to the stated facts existing here and especially in combination with a class action suit. The contract in this case was actually a simple employment contract for a fee, between Byron Chamber of Commerce, Inc., and Joseph Long, for legal services. The legal work to be performed was the preliminary research and necessary preparation in proper legal form of a petition for the formation of a park district. So far as we can see this was a two-party contract between the chamber of commerce and the law firm. In a third-party contract the promisee, in return for the consideration paid to the promisor, obtains a definite tangible benefit for a third person. (See Corbin on Contracts §772-81 (1952).) No such thing was possible here. All that could be promised by the defendants was that they would properly prepare the paper work preliminary to holding a proper hearing before the circuit court on the formation of a park district. (Ill. Rev. Stat. 1979, ch. 105, pars.

2—3, 2—4.) If the circuit court found the petition in proper form, the court could then order an election to be held to determine whether such park district would be created. The defendants, obviously, had no power to confer any benefit on the citizens of the community of Byron, nor was it ever certain that the citizens of the community would consider the park district a benefit and vote to create it. It is assumed by the plaintiffs that the cost of the park district would be absorbed by the taxes paid by the Byron Nuclear Plant, but we may take judicial notice of the delays incident to the construction of such plants and place the benefit to be expected therefrom as being in the realm of conjecture. In any event, the defendants, as lawyers, could hardly have done more than promise to prepare a petition in good legal form. They cannot be charged with depriving the whole community of a park district on the theory that they, the lawyers, by making an error in a petition, failed to provide what otherwise was a sure benefit they had undertaken to bring about for the community. The suit against Joseph Long and his partners, whether brought as a class action or otherwise, can only be founded on the relationship between the chamber of commerce as client and the law firm as attorneys—there was no relationship between the defendants, as attorneys, and the residents, property owners, legal voters and taxpayers of the proposed park district. Not every relationship or agreement between the two parties which has the possibility or even the probability of redounding to the benefit of third parties is a contract for the benefit of such third parties. There is no foundation for a theory of a contract for the benefit of such third parties.

■■ With these considerations in mind, we are disposed to agree with the trial court in dismissing the class action suit—or, indeed, a suit by anyone other than the Byron Chamber of Commerce. The class was never clearly identified due to the fact that no election or even a hearing was ever held on the question of forming a park district; the class representation was found inadequate by the trial court and the circumstances and background of the class action clearly create some doubt that a class action suit is an appropriate method for fair and efficient adjudication of this controversy. Moreover, the apparent theory of the suit—that is, a class action suit based on breach of a contract for legal services for the benefit of third parties, raises, under the circumstances here, a serious question as to the alleged third parties' standing to sue. It is the general rule and the rule followed in Illinois that a contract for professional services between a lawyer and a client does not create a professional obligation between the lawyer and an unknown third party. *Bloomer Amusement Co. v. Eskenazi* (1979), 75 Ill. App. 3d 117 and the numerous cases cited from other jurisdictions in Annot., 45 A.L.R. 3d 1181, 1187 (1972).

■■ Inasmuch as it appears to us that the plaintiffs' theory of a class action

suit founded on a contract for the benefit of third parties is deficient as a matter of law, we see no error in the trial court's order denying the request for leave to amend. While section 46 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46) sets forth a liberal policy in permitting amendments, it is within the trial court's discretion to deny such request when, in the opinion of the court, the amendment would not cure the defect in the complaint. *Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335; *Reardon v. Ford Motor Co.* (1972), 7 Ill. App. 3d 338; *Village of Gulfport v. Buettner* (1969), 114 Ill. App. 2d 1.

We make no comment as to count II of the amended complaint, which has now been amended as per leave of the trial court and will presumably proceed to a trial on the merits.

The judgment of the circuit court of Winnebago County is affirmed as to the dismissal of count I—the class action count of the complaint.

Affirmed.

SEIDENFELD, P. J., and NASH, J., concur.