JOSEPH FAVATA, JR., Plaintiff-Appellant, *v.* EDWARD ROSENBERG *et al.*, Defendants-Appellees.

First District (1st Division)    No. 81-262

Opinion filed May 17, 1982.

Erwin Grombacher and Thomas J. Anselmo, both of Chicago, for appellant.

Dennis C. Waldon and Gerald A. Niederman, both of Roan & Grossman, of Chicago, for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff appeals from the dismissal of his complaint in a legal malpractice action. The issues raised on appeal are (1) whether a nonclient may maintain an action against an attorney for malpractice; and (2) whether the Illinois Constitution mandates the creation of an action where none exists.

We affirm.

Plaintiff was an intended beneficiary of an amended land trust agreement drafted by an attorney in the defendant partnership. The amendment to the trust agreement was declared invalid and as a result plaintiff took nothing under the trust. The judgment of the trial court was affirmed in *Favata v. Favata* (1979), 74 Ill. App. 3d 979, 394 N.E.2d 443 (McGloon, J., dissenting in part).

Thereafter, plaintiff filed a legal malpractice action. The complaint alleged that defendant Lake negligently drafted the amendment to the trust, that defendants Rosenberg and Kosin were negligent in their supervision of Lake, and that defendants' negligence wrongfully deprived plaintiff of his interest in the trust property.

Defendants filed a motion to dismiss for failure to state a cause of action pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45). The trial court granted defendants' motion and dismissed the complaint with prejudice on the grounds that defendants owed no duty to plaintiff and that the action, if allowed, would pave the way for a multitude of actions and unlimited liability.

Plaintiff first contends that the trial court erred in dismissing the complaint. He maintains that an attorney owed a duty to intended beneficiaries of trusts and the complaint therefore stated a cause of action. Alternatively, plaintiff contends the complaint stated a cause of action under a third-party beneficiary theory.

■■ The issue presented in this case has not been addressed by any Illinois court directly. However, the nature of an attorney's relationship with his client, the scope of an attorney's duties, and persons to whom a duty is owed were discussed in *Christison v. Jones* (1980), 83 Ill. App. 3d 334, 405 N.E.2d 8; *Bloomer Amusement Co. v. Eskenazi* (1979), 75 Ill. App. 3d 117, 394 N.E.2d 16; and *Byron Chamber of Commerce v. Long* (1981), 92 Ill. App. 3d 864, 415 N.E.2d 1361. In *Christison,* the court noted that the relationship between an attorney and his client is personal and confidential and that an attorney owed his client the utmost fidelity. The court further stated that the substance of a malpractice action is a client's claim that his attorney breached his personal duty and trust *to that client* by failing to exercise the requisite degree of care and skill or by failing to give the utmost loyalty and fidelity *to the client's interest.* (83 Ill. App. 3d 334, 338, 405 N.E.2d 8, 11.) Citing *National Savings Bank v. Ward* (1880), 100 U.S. 195, 25 L. Ed. 621, the court in *Bloomer* held that an attorney owed a duty to his client only and that in the absence of fraud, collusion, or acts of negligence dangerous to the lives of others, a third-party nonclient cannot maintain an action against an attorney for negligence. (*Bloomer Amusement Co. v. Eskenazi* (1979), 75 Ill. App. 3d 117, 119, 394 N.E.2d 16, 18.) The general rule followed in Illinois was stated most succinctly in *Byron,* where the court stated that a contract for professional services between a lawyer and client does not create a professional obligation between the lawyer and an unknown third party. *Byron Chamber of Commerce v. Long* (1981), 92 Ill. App. 3d 864, 868, 415 N.E.2d 1361, 1365.

■■ The conclusion to be drawn from these cases is that an attorney owes a professional duty only to his client. In the absence of a duty to a third-

person nonclient, no cause of action based on negligent performance of professional services can exist. Furthermore, in accord with the court's statement in *Byron* we reject plaintiff's contention that a cause of action was stated based on a third-party beneficiary theory. We therefore find that the trial court did not err in dismissing the complaint.

Plaintiff has urged this court to adopt the California approach to this issue. Under California law, an attorney's duty to use ordinary care, judgment, skill, and diligence in the performance of professional tasks extends not only to his client, but also to intended testamentary beneficiaries. (*Heyer v. Flaig* (1969), 70 Cal. 2d 223, 449 P.2d 161, 74 Cal. Rptr. 225; *Lucas v. Hamm* (1961), 56 Cal. 2d 583, 364 P.2d 685, 15 Cal. Rptr. 821; *Biakanja v. Irving* (1958), 49 Cal. 2d 647, 320 P.2d 16.) The action may be maintained on either a contractual theory of third-party beneficiary or a tort theory of negligence. (*Heyer v. Flaig* (1969), 70 Cal. 2d 223, 449 P.2d 161, 74 Cal. Rptr. 225.) In *Bucquet v. Livingston* (1976), 57 Cal. App. 3d 914, 129 Cal. Rptr. 514, the rule was extended to the trust field.

However, we decline to adopt California law in this area. Illinois law at this time appears to restrict an attorney's liability in negligence to his client only. Also, we are hesitant to extend liability to a nonclient because of the personal nature of the attorney-client relationship and the potential for conflicts of interest which might arise if such liability were extended to nonclients. See Horan and Spellmire, *Lawyer's Liability in Illinois: Current Legal Issues*, 69 Ill. B. J. 200, 203 (1980).

■■ Second, plaintiff contends that article I, section 12 of the 1970 Illinois Constitution requires that he be provided a remedy for injuries suffered because of defendants' negligence. However, this section of the constitution is an expression of philosophy and does not mandate the creation of an action and remedy where one did not formerly exist. (*Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148; *Angelini v. Snow* (1978), 58 Ill. App. 3d 116, 374 N.E.2d 215.) Thus, plaintiff's contention is without merit.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.