THRALL CAR MANUFACTURING COMPANY, Plaintiff-Appellant, v. CHARLES LINDQUIST *et al.*, Defendants-Appellees.

First District (3rd Division) No. 84—1866

Opinion filed June 18, 1986.

Rooks, Pitts & Poust, of Chicago (William M. Stevens, of counsel), for appellant.

Murphy, McAtee, Murphy & Costanza, Jenner & Block, and Stodola Bosett, all of Chicago, and Harry B. Bainbridge, of Chicago Heights (Anthony DeBonis, Jr., and Donald R. Harris, of counsel), for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

On April 26, 1983, plaintiff, Thrall Car Manufacturing Co., filed a second amended six-count complaint seeking compensatory and punitive damages from defendants Charles Lindquist, Jack G. Bainbridge and Terrance L. Smith.[1] On October 5, 1983, the trial court granted plaintiff's motion for summary judgment against Lindquist on counts I through III. On November 28, 1983, the remaining claims against Lindquist for punitive damages were dismissed pursuant to an agreed settlement between the plaintiff and Lindquist. This appeal is taken from a July 12, 1984, order of the trial court granting Smith's and Bainbridge's motion to dismiss counts III through VI of the complaint, denying plaintiff's motion for partial summary judgment against Smith and Bainbridge, and denying plaintiff's motion to vacate the November 28, 1983, agreed order of dismissal.

Lindquist was employed by the plaintiff and was covered under plaintiff's collective-bargaining agreement with the union of which Lindquist was a member and the health benefit plan provided thereunder. The plan provided employees with accident and sickness benefits for non-work-related injuries. Plaintiff, however, had a right of reimbursement from employees covered under the plan for hospital, medical or surgical expenses received under any other insurance policy.

On August 23, 1980, Lindquist sustained injuries in a motorcycle accident. Lindquist retained as counsel defendants Smith and Bainbridge to pursue a personal injury claim against the driver of the car that struck his motorcycle. On September 29, 1980, Lindquist signed plaintiff's reimbursement agreement. Pursuant to the health benefit plan, plaintiff paid $41,512.10 in medical expenses and lost wages.

Subsequent to the filing of the personal injury suit, Lindquist, his attorneys and the driver's insurer, General Accident Insurance Co. of America, agreed to a settlement of $244,160. The settlement was allocated to pain, suffering and permanent injuries, and excluded medical expenses. Plaintiff's six-count complaint was filed after Lindquist failed to reimburse it from the proceeds of the settlement agreement. On March 25, 1983, plaintiff filed a motion for summary judgment

---

[1]Another defendant, General Accident Insurance Company of America, was dismissed from the litigation by stipulation on December 29, 1983.

against Lindquist. On October 5, 1983, the trial court granted the motion for plaintiff and against Lindquist for compensatory damages of $41,512.10. The court made no finding with regard to punitive damages, but noted that it was granting the plaintiff's motion because Lindquist had failed to support his pleadings with affidavits or other proof; thus, his assertion that he was taking medication and therefore not thinking clearly when he signed the reimbursement agreement was insufficient to raise a genuine issue of material fact. The court also stated that Lindquist had admitted he was a party to the health benefit plan, that he signed a reimbursement agreement with the plaintiff, and that the settlement was structured to exclude medical benefits because he was starting to go broke and believed he could thereby avoid reimbursing the plaintiff. On November 28, 1983, Lindquist tendered to plaintiff a check for $41,512.10 and an affidavit implicating defendants Smith and Bainbridge in the structuring of the settlement, and plaintiff stipulated to the dismissal of its claims against Lindquist for punitive damages. An agreed order of dismissal was entered on that date.

On March 31, 1984, Smith and Bainbridge filed motions to dismiss the counts of plaintiff's second amended complaint directed against them (counts III through VI). On May 3, 1984, plaintiff filed a motion for partial summary judgment against Smith and Bainbridge on those counts, and a motion to vacate the November 28, 1983, order dismissing the claims against Lindquist and to reinstate the punitive damages claims against him. On July 12, 1984, the court granted Bainbridge's and Smith's motions to dismiss counts III through VI of the second amended complaint, denied plaintiff's motion to vacate the order dismissing Lindquist and denied plaintiff's motion for partial summary judgment against Smith and Bainbridge. This appeal followed.

On appeal, plaintiff contends that: (1) the trial court erred in dismissing counts III through VI of the second amended complaint based on its finding that Smith and Bainbridge owed no duty to the plaintiff; (2) the trial court erred as a matter of law in denying plaintiff's motion for partial summary judgment against Smith and Bainbridge, and (3) the trial court erred in refusing to vacate its order dismissing Lindquist where the November 28, 1983, dismissal was procured by fraud.

■ Plaintiff's first contention on appeal is that the trial court erred in dismissing counts III through VI of the second amended complaint. Specifically, plaintiff takes exception to the court's finding that defendants Smith and Bainbridge owed no duty to the plaintiff. A judgment will be affirmed if it is justified for any reason appearing in the record; the particular reasons given by the trial court, or his specific findings are not material if the judgment is correct. *Keck v. Keck*

(1974), 56 Ill. 2d 508, 309 N.E.2d 217; *Buchanan v. Lenz* (1983), 115 Ill. App. 3d 722, 450 N.E.2d 1298, *cert. denied* (1984), 466 U.S. 905, 80 L. Ed. 2d 155, 104 S. Ct. 1680.

In reviewing an order of the trial court dismissing a complaint for failure to state a cause of action, the reviewing court must accept as true all well-pleaded facts in the complaint and all reasonable inferences flowing therefrom, and must determine whether, as a matter of law, the complaint states a cause of action. (*Szajna v. General Motors Corp.* (1985), 130 Ill. App. 3d 173, 474 N.E.2d 397.) A court is concerned only with the questions of law presented by the pleadings. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554, 328 N.E.2d 538.) The standard of review for the allowance of a motion to dismiss is that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts could be proved which would entitle the plaintiff to recover. *Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253; *People ex rel. Hartigan v. Maclean Hunter Publishing Corp.* (1983), 119 Ill. App. 3d 1049, 457 N.E.2d 480.

We thus turn to an examination of the second amended complaint. Count III asserts a claim for relief predicated on fraud by Lindquist and Bainbridge. The gist of the allegations against Bainbridge are that he told the plaintiff he was the attorney representing Lindquist in the personal injury action, and that he would cooperate fully with the plaintiff to reimburse it, that his false statement about full cooperation was made to induce the plaintiff to pay Lindquist's expenses, and further, that Bainbridge then attempted to defeat the plaintiff's right of reimbursement by concealing the pendency of the personal injury action and its settlement, and by entering into a settlement agreement which allocated Lindquist's loss to pain, suffering and permanent injuries, rather than medical expenses.

To properly allege a cause of action for fraud, the pleadings must contain specific allegations of facts from which fraud is the necessary or probable inference. (*Wolford v. Household Finance Corp.* (1982), 105 Ill. App. 3d 1102, 435 N.E.2d 528.) A *prima facie* claim of fraud is established by allegations that the wrongdoer knowingly misrepresented a material fact for purposes of inducing the claimant to act, that the claimant reasonably believed the misrepresentation to be true and that he detrimentally relied on it. *Northwest Federal Savings & Loan Association v. Weisberg* (1981), 97 Ill. App. 3d 470, 422 N.E.2d 1101; see also *Goetz v. Avildsen Tool & Machines, Inc.* (1980), 82 Ill. App. 3d 1054, 403 N.E.2d 555.

In the instant case, the allegations in count III are contra-

dicted by the facts in the complaint which indicate that plaintiff's obligation to pay Lindquist's medical expenses arose from the benefit plan it established with Lindquist's union; the payment was therefore not induced by reliance on Bainbridge's representations that he would cooperate fully to reimburse plaintiff. Moreover, since count III alleges that in September 1980 Bainbridge told plaintiff he was Lindquist's attorney in the personal injury action, plaintiff can hardly complain that in November 1983 Bainbridge "fraudulently concealed" the pendency and settlement of the lawsuit. A party cannot rely on representations made when it has ample opportunity to ascertain the truth or falsity of the representations and act in its own interests. (*Goetz v. Avildsen Tool & Machines, Inc.* (1980), 82 Ill. App. 3d 1054, 403 N.E.2d 555.) Count III fails to state a valid cause of action for fraud against Bainbridge and was therefore properly dismissed.

Counts IV and V of the second amended complaint allege, respectively, a conspiracy to defraud, and the inducement of Lindquist to defraud plaintiff and breach his reimbursement agreement. The complained-of conduct in both counts is essentially the same: Bainbridge and Smith allegedly concealed the pendency and settlement of Lindquist's personal injury suit; caused Lindquist to enter into a settlement agreement which allocated his loss to pain, suffering, and permanent injuries, rather than to medical, hospital, and surgical expenses; and did so in an attempt to defeat plaintiff's contractual and equitable rights of subrogation under the reimbursement agreement. These allegations concern the professional relationship between the attorney-defendants and their client, Linquist. The essence of counts IV and V, and indeed, of some of the allegations in count III as well, is that the defendants, by involving Lindquist in the agreement to settle his personal injury action, acted against Thrall's interests, and plaintiff thereby suffered damages.

■■■ It is the general rule, and the rule followed in Illinois, that a contract for professional services between a lawyer and a client does not create a professional obligation between the lawyer and an unknown third party. (*Byron Chamber of Commerce, Inc. v. Long* (1981), 92 Ill. App. 3d 864, 415 N.E.2d 1361.) In *Schott v. Glover* (1982), 109 Ill. App. 3d 230, 440 N.E.2d 376, this court addressed an issue similar to the one presented here, namely, allegations directed against an attorney for tortious interference with a contractual relationship. The court therein stated:

> "Although incorrect advice as to a client's contractual obligations might cause that client to become liable to a third party in contract, it does not follow that the attorney would also be liable

to that party. To impose such liability on an attorney would have the undesirable effect of creating a duty to third parties which would take precedence over an attorney's fiduciary duty to his client. Public policy requires that an attorney, when acting in his professional capacity, be free to advise his client without fear of personal liability to third persons if the advice later proves to be incorrect." (109 Ill. App. 3d 230, 234-35, 440 N.E.2d 376, 379.) The legal duty of the defendant-attorneys in the instant case was to their client Lindquist and not to the plaintiff. Counts IV and V were therefore properly dismissed on this basis for failure to state a cause of action.

■ In count VI of the second amended complaint, plaintiff has attempted to allege a violation of the Racketeer Influenced and Corrupt Organizations Act of 1970 (18 U.S.C. sec. 1961 *et seq.* (1982)) (RICO). We believe, however, that this court is without jurisdiction to consider this claim. In *County of Cook v. Midcon Corp.* (N.D. Ill. 1983), 574 F. Supp. 902, however, the Federal District Court for the Northern District of Illinois held that RICO jurisdiction is exclusively Federal. While we are aware that the court of appeals for the Seventh Circuit has disagreed with, but not overruled, the district court's analysis (see *County of Cook v. Midcon Corp.* (7th Cir. 1985), 773 F.2d 892, 905), we are in accord with the courts of other jurisdictions which have held that State courts do not have concurrent jurisdiction under RICO. (See, *e.g.,* *Greenview Trading Co. v. Hershman & Leicher, P.C.* (1985), 108 A.D.2d 468, 489 N.Y.S.2d 502; *Main Rusk Associates v. Interior Space Constructors, Inc.* (Texas App. 1985), 699 S.W.2d 305.) Count VI was therefore properly dismissed for lack of jurisdiction.

■■ Moreover, on November 28, 1983, plaintiff signed a satisfaction of judgment acknowledging that it received full satisfaction of the October 5, 1983, judgment order granting summary judgment against Lindquist for $41,512.10. Plaintiff's complaint seeks $41,512.10 in actual damages and $50,000 in punitive damages. However, as the defendants correctly point out, punitive damages are in addition to compensatory damages and cannot be allowed unless actual damage is shown. (*In re Application of Busse* (1984), 124 Ill. App. 3d 433, 464 N.E.2d 651; *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.) Plaintiff was fully compensated for its actual damages and no others are alleged; the claims against Smith and Bainbridge are thus only for punitive damages and cannot stand. Counts III through VI were also properly dismissed on this basis.

Our determination that all claims against Smith and Bainbridge were properly dismissed renders unnecessary consideration of plain-

tiff's second contention on appeal that it was entitled to summary judgment against them on the question of liability. We thus turn to consider the trial court's denial of plaintiff's motion to vacate the dismissal of the punitive damages claims against Lindquist. We note preliminarily that plaintiff has failed to cite a single authority in support of its argument that the trial court erred in this regard. A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research. *Williams v. Danley Lumber Co.* (1984), 129 Ill. App. 3d 325, 472 N.E.2d 586.

Plaintiff appears to argue that it agreed to dismiss the claims against Lindquist in return for the money it was owed pursuant to the reimbursement agreement it had with Lindquist, and an affidavit from him detailing Smith's and Bainbridge's involvement in structuring the settlement to allocate the loss to pain, suffering and permanent injuries and not to medical expenses. Although plaintiff received a check for the full amount it was owed, Lindquist later repudiated the affidavit as being false. Plaintiff's motion to vacate therefore sought to reinstate only the claims against Lindquist for punitive damages.

The law, of course, favors the settlement of litigation. The important factor in reviewing a settlement is that the parties knowingly and voluntarily accepted the settlement and, in such cases, the parties are bound to its terms. (*Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542, 373 N.E.2d 550.) Our review of this settlement agreement indicates that plaintiff agreed to drop its remaining claims against Lindquist for the money Lindquist was obligated to reimburse. In our view, the plaintiff has been made whole by the settlement agreement it made, the equities have been served and any other financial recovery would be a windfall. Moreover, our disposition of plaintiff's other contentions on appeal renders meaningless the affidavit purporting to implicate Smith and Bainbridge who, as a matter of law, had no duty to the plaintiff. We therefore affirm the trial court's denial of plaintiff's motion to vacate the November 28, 1983, agreed order of dismissal of Lindquist.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P.J., and McNAMARA, J., concur.