NOTICE
Decision filed 11/01/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210408-U

NO. 5-21-0408

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| PURA VIDA HOLDINGS, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Shelby County. |
| | ) | |
| v. | ) | No. 12-CH-58 |
| | ) | |
| JUDY REIMER and ALL UNKNOWN OWNERS, | ) | |
| NON-RECORD CLAIMANTS, OCCUPANTS, | ) | |
| HEIRS AND LEGATEES, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Martin W. Siemer, |
| (Judy Reimer, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's orders of May 22, 2020, and November 9, 2021, were not against the manifest weight of the evidence as the appellant has failed to properly articulate her arguments on appeal as to that issue.

¶ 2   This appeal arises out of two orders entered by the circuit court of Shelby County following a bench trial in the consolidated matters of 12-CH-58 and 13-CH-8. The trial court began the bench trial in the consolidated cases on November 13, 2018. The bench trial was continued, on what was to be the second day of trial, and the trial was not resumed until January 28, 2020. The trial court entered a partial order on May 22, 2020; however, this order was not final as the trial court also determined that it lacked jurisdiction over all necessary and indispensable parties required for it to

1

resolve all of the issues presented. Following service of process on the necessary and indispensable parties, the case was reopened and additional evidence was presented on July 15, 2021. The trial court issued its final order on November 9, 2021, resolving all of the issues. Defendant Judy Reimer (Judy) filed a timely notice of appeal and is the only defendant appealing the orders. For the following reasons, we affirm the trial court's orders of May 22, 2020, and November 9, 2021.

¶ 3                                    I. BACKGROUND

¶ 4     Shelby County case No. 12-CH-58 was initiated by Pura Vida Holdings, Inc. (Pura Vida), when it filed a complaint for declaratory judgment to quiet title pursuant to section 2-701 of the Code of Civil Procedure (Code) (735 ILCS 5/2-701 (West 2012)) against Judy and all unknown owners, non-record claimants, occupants, heirs and legatees on October 15, 2012. Shelby County case No. 13-CH-8 was initiated by Douglas Reimer (Douglas) and Dennis Reimer (Dennis) when they filed a complaint for declaratory judgment against Pura Vida, Donald Reimer (Donald), David Reimer (David), and Reimer Development, Inc., on March 11, 2013.

¶ 5     In 13-CH-8, Pura Vida filed a motion to dismiss or, in the alternative, consolidate 13-CH-8 with 12-CH-58 because the two actions involved a common nucleus of operative facts, the same events, parties, property, and witnesses. Additionally, Pura Vida alleged that litigation of the claims in separate causes of action could result inconsistent findings and prejudice to Pura Vida. The trial court consolidated the two cases by docket entry on July 29, 2014, by agreement of the parties. Although these matters were consolidated by the trial court, the claims, testimony, and evidence are not so closely related that we can analyze them as one. Accordingly, we will examine

the issues raised in 12-CH-58 in this appeal, No. 5-21-0408,[1] and those raised in 13-CH-8 in appellate case No. 5-21-0409.

¶ 6     The complaint at issue at the time of trial in 12-CH-58 was the amended complaint for declaratory judgment to quiet title pursuant to section 2-701 of the Code filed by Pura Vida against Judy and all unknown owners, non-record claimants, occupants, heirs and legatees. The amended complaint[2] for declaratory judgment to quiet title filed by Pura Vida alleged that Pura Vida was an Illinois corporation with its president being Donald and its sole shareholder being Corrin Reimer. The amended complaint stated that on August 17, 2012, Judy was the owner in fee simple of certain real estate located in Shelby County, Illinois. The legal description of the property at issue was attached as an exhibit to the amended complaint. Pura Vida alleged that on August 17, 2012, Judy conveyed the property to Pura Vida by warranty deed and recorded the same with the Shelby County Recorder of Deeds.

¶ 7     The amended complaint alleged that on or about August 17, 2012, James F. Reimer (James), husband of Judy, filed a false annual report regarding Pura Vida with the Illinois Secretary of State's Office. The false report averred that James was the president and director of Pura Vida.

---

[1]Appellant's brief asserts the following four issues are presented for review: I. Whether the trial court erred in denying the motion for disqualification? II. Whether the trial court erred in failing to consider Ed Heck's deposition transcript contents as proof of value of 18 acres? III. Whether the trial court erred in ruling in favor of the defendant in 13-CH-8? IV. Whether the trial court erred in ruling in favor of the plaintiff in 12-CH-58? Issues I, II, and III are related to 13-CH-8 and will be addressed in case No. 5-21-0409. We only address point IV in this order.

[2]Pura Vida filed a motion to amend its complaint and answer to the defendant's affirmative defenses on December 17, 2012. The proposed amended complaint was attached to the motion to amend. The motion to amend was not brought for hearing until the commencement of the bench trial on November 13, 2018, at which time the motion to amend was granted without objection. The amended complaint and Pura Vida's amended reply to Judy's affirmative defenses that were attached to the motion to amend were deemed to stand as the operative pleadings. The answer filed by Judy on October 23, 2012, was deemed to stand as her answer and affirmative defenses to the amended complaint. The only change from the original complaint to the amended complaint was the allegation in paragraph 1 of the amended complaint that Corrin Reimer is the sole shareholder of Pura Vida instead of Donald.

Donald, the actual president of Pura Vida, became aware of the false report and traveled to the Illinois Secretary of State's Office in Springfield, Illinois, on August 29, 2012, to correct the report so that Donald was correctly listed as president of Pura Vida.

¶ 8       It was alleged that on August 31, 2012, James executed a warranty deed stating he was the president of Pura Vida and conveyed the property at issue to Judy. James was not an officer, shareholder, director, or agent of Pura Vida on August 31, 2012, and he had no authority to bind Pura Vida. Pura Vida asserted the warranty deed signed by James transferring the property to Judy was a nullity and that Pura Vida was and is the legal owner of the property. The amended complaint sought a declaration that the title to the property at issue was vested in Pura Vida alone and that the defendants in 12-CH-58 had no estate right, title, or interest in the property and should be forever enjoined from asserting any estate right, title, or interest in the property adverse to Pura Vida.

¶ 9       Judy filed a verified answer to the complaint with an affirmative defense. Notably, the verified answer admitted the allegations contained in paragraphs 3 and 4, which stated as follows:

> "3. On August 17, 2012, Judy Reimer was the owner in fee simple of certain property located in Shelby County, Illinois ('the Property'), the legal description of which is contained in Exhibit 'A' hereto.
>
> 4. On August 17, 2012, Judy Reimer conveyed the Property to Pura Vida by Warranty Deed and recorded the same with the Shelby County Recorder of Deeds. See Exhibit 'B' attached hereto."

¶ 10      As noted above, the first day of the consolidated bench trial took place on November 13, 2018. The parties present on that date were: Donald, individually and as a representative of Pura

4

Vida; Judy; Douglas; and Dennis. The trial court heard testimony from David Reimer, as an adverse witness; Douglas; and Dennis.

¶ 11    The following day, Douglas and Dennis moved for a continuance of the bench trial so that an issue regarding disqualification of attorneys could be addressed. The motion for disqualification of attorneys was filed only in 13-CH-8, thus, it will not be examined in this order.

¶ 12    The second day of the bench trial was conducted 14 months later on January 28, 2020. The parties present on that date were: Donald, individually and as a representative of Pura Vida; Douglas; and Dennis. Judy was not present individually. On this date, the trial court heard testimony from Donald and Douglas. Pura Vida called Judy as an adverse witness; however, she was not present to testify, and her attorney indicated that Judy did not intend to appear.

¶ 13    The parties submitted written closing arguments to the trial court. The trial court entered its order of May 22, 2020, finding that the court did not have jurisdiction over all necessary and indispensable parties. Pura Vida was granted leave to obtain service on the necessary and indispensable parties, which it did. Capital Area Properties, LLC (CAP), a subsequent grantee of the property at issue, and Riversource, a life insurance company whose relevance to these proceeding is unknown, entered appearances in 12-CH-58. Following a petition to reopen case, 12-CH-58 was reopened on November 19, 2020.

¶ 14    The third day of the bench trial was conducted on July 15, 2021. The trial court heard testimony from David Oldfield, a corporate and tax attorney, practicing with Law Group of Illinois, Ltd.; Donald; and Douglas. Closing arguments were again submitted in writing.

¶ 15    The trial court entered its detailed 13-page written order on November 9, 2021, which stated that it had considered all of the evidence, including the testimony given and the exhibits admitted, and evaluated the demeanor and credibility of the witnesses, as well as the pleadings,

arguments, and applicable authority. The trial court found a valid transfer of Judy's interest in the subject property from Judy to Pura Vida occurred on August 17, 2012. Next, the trial court found that James had no authority on August 31, 2012, to transfer the subject property from Pura Vida to Judy. Accordingly, the trial court entered judgment in favor of Pura Vida and against Judy, CAP, and the unknown owners, non-record claimants, occupants, heirs and legatees on the amended complaint in 12-CH-58. This timely appeal followed the entry of said order.

¶ 16                                    II. ANALYSIS

¶ 17    "The standard of review in a bench trial is whether the judgment is against the manifest weight of the evidence." *Camelot, Inc. v. Burke Burns & Pinelli, Ltd.*, 2021 IL App (2d) 200208, ¶ 50.[3] When sitting as the trier of fact in a bench trial, the trial court makes findings of fact and weighs all of the evidence in reaching a conclusion. *Nokomis Quarry Co. v. Dietl*, 333 Ill. App. 3d 480, 483-84 (2002). "When a party challenges a trial court's bench-trial ruling, we defer to the trial court's factual findings unless they are contrary to the manifest weight of the evidence." *Id.* at 484. When applying this standard of review, we give great deference to the trial court's credibility determinations, and we will not substitute our judgment for that of the circuit court " 'because the fact finder is in the best position to evaluate the conduct and demeanor of the witnesses.' " *Staes & Scallan, P.C. v. Orlich*, 2012 IL App (1st) 112974, ¶ 35 (quoting *Samour, Inc. v. Board of Election Commissioners*, 224 Ill. 2d 530, 548 (2007)). "A factual finding is against the manifest weight of the evidence when the opposite conclusion is clearly evident or the finding is arbitrary, unreasonable, or not based on evidence." *Samour*, 224 Ill. 2d at 544. The trial court's

---

[3]This is the only citation to authority contained in the appellant's argument section in which she asserts "the trial court erred in ruling in favor of the *defendants* in 2012-CH-58." (Emphasis added.) We note that the appellant repeatedly misidentified the party when stating the issue presented for review. In 12-CH-58, the trial court ruled in favor of the plaintiff, Pura Vida, and against the defendants, including the appellant, Judy.

6

findings and judgment will not be disturbed "if there is any evidence in the record to support such findings." *Brown v. Zimmerman*, 18 Ill. 2d 94, 102 (1959).

¶ 18    On appeal, the appellant presents approximately two pages of what she purports to be argument. After stating the applicable standard of review, the appellant sets forth a paragraph regarding the trial court's order that necessary and indispensable parties were absent. A review of the record reveals this was not challenged in the trial court and was not presented as an issue for review before this court.

¶ 19    Next, the appellant asserts that the trial court "took Donald's word over that of Doug when the trial court said 'Donald *speculated* [(emphasis in original)] ... Judy have [*sic*] transferred the subject real estate to Pura Vida in order to satisfy an obligation of Douglas to him or another related corporation.' Doug testified the transfer was made as part of his inheritance." The appellant then alleges the trial court "had its mind made up prior to the completion of all testimony and evidence." The appellant does not elaborate on this allegation or cite to any legal authority. As stated above, in a bench trial, it is the trial court that is the trier of fact that makes determinations as to credibility. *Samour*, 224 Ill. 2d at 548.

¶ 20    The fourth paragraph of the appellant's argument does not allege any error and instead the appellant agrees with one of the trial court's findings.

¶ 21    The next paragraph contains irrelevant and less-than-coherent statements regarding the appellant's opinions of Donald. Additionally, it references what Jim[4] did, thought, and who he relied upon. However, Jim was not a party to either suit and did not testify at the bench trial. Again, there are no citations to legal authority nor is there a cogent argument. The appellant's briefing on

---

[4]James F. Reimer is also known by the name "Jim."

this issue concludes with mere conclusions, opinions, and what can best be described as a plea for sympathy.

¶ 22    Thus, the appellant's briefing on the issue of whether the trial court erred in finding in favor of Pura Vida in 12-CH-58 failed to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). On appeal, "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The appellant's mere allegation that the trial court's orders were in error without any argument or citation to authority falls short of what is required under Rule 341(h)(7), "which our supreme court has stated is not a mere suggestion, but has the force of law." *In re Marriage of James*, 2018 IL App (2d) 170627, ¶ 37 (citing *Rodriquez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 353 (2006)). "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Id.* Accordingly, we find the defendant forfeited her argument regarding the trial court's orders entered in 12-CH-58 pursuant to Illinois Supreme Court Rule 341(h)(7).

¶ 23    Moreover, despite the appellant's failure to articulate how the trial court's findings were against the manifest weight of the evidence, our review of the record on appeal does not reveal an obvious demonstration of error on the part of the trial court that would warrant this court overlooking the appellant's forfeiture. The trial court heard testimony from three days of trial and prepared two detailed orders, consisting of 24 pages in total, explaining its findings of facts and conclusions of law.

¶ 24　　　　　　　　　　　　　III. CONCLUSION

¶ 25　For the foregoing reasons, we affirm the trial court's orders of May 22, 2020, and November 9, 2021, as they relate to 12-CH-58.

¶ 26　Affirmed.