2026 IL App (1st) 242120-U

No. 1-24-2120

Order filed February 3, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| CORDEL D. WHITE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23CH7874 |
| | ) | |
| ILLINOIS STATE POLICE and COOK COUNTY | ) | |
| STATE'S ATTORNEY, | ) | Honorable |
| | ) | Thaddeus L. Wilson, |
| Defendants-Appellees. | ) | Judge, presiding. |

---

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order denying plaintiff's petition to compel the Illinois State Police to issue him a Firearm Owners Identification Card is affirmed.

¶ 2    Plaintiff Cordel D. White appeals *pro se* from an order of the circuit court denying his petition to compel the Illinois State Police (ISP) to issue him a Firearm Owners Identification (FOID) card after an in-person evidentiary hearing. On appeal, plaintiff contends that he "didn't

get a fair ruling" and his "case was overlooked" although "all details [were] there." For the following reasons, we affirm.

¶ 3     The following background is derived from the common law record and sealed record. The record on appeal does not include a report of proceedings.

¶ 4     On August 31, 2023, plaintiff filed a *pro se* complaint against the Illinois State Police (ISP), stating, in full, "FOID card application denial." Following a status hearing on May 29, 2024, the circuit court entered an order directing plaintiff to amend his complaint to add the Cook County State's Attorney as a defendant. That same day, plaintiff filed a *pro se* amended complaint, complying with the court's directive. He also added to his complaint that he worked in security and wanted to serve his community and city by pursuing a career in law enforcement.

¶ 5     The ISP construed plaintiff's complaint as a petition for relief under section 10(c) of the Firearm Owners Identification Card Act (Act) (430 ILCS 65/10(c) (West 2022)) and filed an objection. The ISP explained that it had denied plaintiff's September 20, 2021, application for a FOID card because he was ineligible to possess a firearm due to his criminal history and, further, that he did not meet any criteria in section 10(c) for reversal of that decision. The Cook County State's Attorney filed its own objection, adopting the ISP's legal and factual arguments. The ISP filed its Bureau of Identification confidential business records regarding plaintiff's application under seal, and plaintiff filed 13 letters attesting to his character.

¶ 6     The ISP's sealed business records are included in the record on appeal. A September 13, 2023, ISP criminal history report reflects that defendant has multiple criminal convictions in his background, including 2014 convictions for burglary (cited as "720 ILCS 5.0/19-1-A") and residential burglary (cited as "720 ILCS 5.0/19-3-A").

¶ 7       On September 30, 2024, the circuit court conducted an in-person evidentiary hearing. No transcript of that hearing is included in the record on appeal. Following the hearing, the court issued a written order denying plaintiff's petition, stating that it had reviewed the pleadings, including the record and the evidence presented during the hearing.

¶ 8       The court noted that section 10(c) of the Act authorizes a court to grant relief from the denial of an application for a FOID card if four circumstances are established "to the court's satisfaction." First, the petitioner must not have been convicted of a forcible felony within 20 years of his application. Second, the circumstances of the petitioner's criminal history and reputation must be such that he would not be likely to endanger the public. Third, granting relief must not be contrary to the public interest. Finally, granting relief must not be contrary to federal law.

¶ 9       The court determined that plaintiff did not meet these criteria for two reasons. First, he had been convicted of burglary, a forcible felony, in 2014. He was therefore not entitled to a FOID card because 20 years had not elapsed since his last forcible felony conviction. Second, the court had "concerns" surrounding other aspects of plaintiff's criminal history, which included a 2002 adjudication of delinquency based on charges of aggravated battery/great bodily harm; a 2011 arrest for driving on a suspended license and operating an uninsured motor vehicle; and a 2017 arrest for violating an ordinance, obstructing identification, driving on a suspended license, and operating an uninsured motor vehicle. The court noted that an applicant may be denied a FOID card if he had been adjudicated delinquent for an offense that would have been a felony if committed by an adult. Based on plaintiff's criminal history, the court concluded that, "at least for now, the issuance of a FOID card would be contrary to public interest."

¶ 10    The court commended plaintiff for his accomplishments and "for taking the initiative to turn his life around," noting that both he and his witness testified that he was a father and "heavily involved" in the community. The court stated that its ruling was not a refusal to give plaintiff a second chance, explaining, "It does not mean that the Court doesn't see his potential. It does not negate his effort to make, in his words, 'differences and distances.' And it certainly does not mean that he is a nobody, because he absolutely is somebody." Nevertheless, the court concluded that, given the recency and totality of plaintiff's criminal background, issuing him a FOID card would be contrary to the public interest and against Illinois law.

¶ 11    Plaintiff filed a timely notice of appeal. He thereafter filed a *pro se* appellant's brief and a "Motion to Grant My Rights Back" in this court, which we have taken with the case. The Cook County State's Attorney filed a motion for dismissal or summary affirmance, which we took with the case as its appellee's brief. Plaintiff filed a response to the Cook County State's Attorney's motion. The ISP filed an appellee's brief. Finally, plaintiff filed a reply brief.

¶ 12    On appeal, plaintiff contends he "didn't get a fair ruling" and his "case was overlooked" although "all details [were] there." He argues that the Second Amendment should not be infringed, that his rights are protected by the Constitution, and that he wants his "rights back." In his "Motion to Grant My Rights Back," he contends that his constitutional rights were violated and notes the Second Amendment provides that a well-regulated militia is necessary for the security of a free state and that the right to bear arms shall not be infringed.

¶ 13    Plaintiff's other filings in this court contain more detail. In his response to the Cook County State's Attorney's motion for dismissal or summary affirmance, plaintiff argues that, although the prosecutor "read off my background case by case, not once did he read off any of the documents

I've put on the record," including "well over 15 letters" that "still got overlooked." In his reply brief, plaintiff describes the skills he has gained from his training and employment as a security officer and asserts that he does not pose a danger to the public.

¶ 14    As an initial matter, we address defendants' argument that this appeal should be dismissed for plaintiff's failure to comply with Illinois Supreme Court rules governing the form and substance of appellate briefs.

¶ 15    We agree with defendants that plaintiff's brief is deficient in multiple respects. Most relevant, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an appellant's brief contain reasoned argument supported by citations to the authorities and the pages of the record relied on. We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). When an appellant fails to comply with Rule 341, this court may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. An appellant's *pro se* status does not relieve him of his obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 16    Here, plaintiff's brief lacks cohesive legal arguments, reasoned bases for his contentions, and citations to the record and relevant authorities. In these circumstances, we would be justified in striking the brief and dismissing the appeal. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 77. However, this court may entertain the appeal of a party who files an insufficient brief "so long as we understand the issue [the party] intends to raise and especially where the court has the benefit

of a cogent brief of the other party." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). In this case, defendants have filed cogent briefs, and it is clear that plaintiff is challenging the circuit court's denial of his petition to compel the ISP to issue him a FOID card. Accordingly, we choose not to dismiss the appeal.

¶ 17    Substantively, plaintiff is challenging the circuit court's denial of his petition to compel the ISP to issue him a FOID card. Thus, the issue is whether plaintiff is eligible for relief under section 10(c) of the Act. See *Brown v. Illinois State Police*, 2021 IL 126153, ¶ 32.

¶ 18    Section 10(c) provides that the circuit court may grant relief to a petitioner whose application for a FOID card has been denied if the petitioner establishes "to the court's *** satisfaction" four requirements:

"(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

(3) granting relief would not be contrary to the public interest; and

(4) granting relief would not be contrary to federal law." 430 ILCS 65/10(c) (West 2022).

¶ 19    Because the Act affords the circuit court discretion to determine whether a petitioner has met the burden of satisfying the requirements of section 10(c), a circuit court's decision whether

to grant or deny relief under section 10(c) is reviewed for an abuse of discretion. *Brown*, 2021 IL 126153, ¶ 49; *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 40 ("A reviewing court obviously cannot review *de novo* whether a petitioner has established the factors 'to the court's *** satisfaction.' "). A circuit court abuses its discretion when its ruling is arbitrary or fanciful or when no reasonable person would adopt its view. *Brown*, 2021 IL 126153, ¶ 49.

¶ 20    Plaintiff failed to include a transcript or acceptable substitute from the September 30, 2024, evidentiary hearing in the appellate record. See Illinois Supreme Court Rule 323 (eff. July 1, 2017). However, the record is adequate for our resolution of the issue on appeal.

¶ 21    The record shows the circuit court denied plaintiff's petition because, in relevant part, he failed to establish that he had not been convicted of a forcible felony within 20 years of his 2021 application for a FOID card as required by section 10(c)(1). 430 ILCS 65/10(c)(1) (West 2022). The court found that in 2014 plaintiff was convicted of burglary, a forcible felony, and he was therefore not entitled to a FOID card.

¶ 22    The court's finding is supported by the ISP's Bureau of Identification confidential business records, which are included in the record on appeal and show that in 2014 plaintiff was convicted of residential burglary and burglary. Both burglary and residential burglary are forcible felonies. 720 ILCS 5/2-8 (West 2024). Accordingly, plaintiff was ineligible for relief under section 10(c) of the Act because his forcible felony convictions occurred within 20 years of his 2021 application for a FOID card. The court's denial of plaintiff's petition to compel the ISP to issue him a FOID card was not arbitrary or fanciful such that it amounted to an abuse of discretion.

¶ 23    For the reasons explained above, we affirm the judgment of the circuit court and deny plaintiff's "Motion to Grant My Rights Back."

¶ 24    Affirmed.