WILLIAM JESSEN, Plaintiff-Appellant, v. SVERDRUP AND PARCEL AND ASSOCIATES, INC., Defendant-Appellee (Shappert Engineering Company, Defendant).

First District (3rd Division)   No. 1—89—3159

Opinion filed August 28, 1991.—Rehearing denied January 8, 1992.

---

*Justice Tully concurred with this modified opinion on denial of rehearing subsequent to Justice White's retirement.

A. Denison Weaver, Ltd., of Chicago, for appellant.

Hinshaw & Culbertson, of Chicago (Stephen R. Swofford, Kevin R. Sido, Michael J. Flaherty, and Gerald Haberkorn, of counsel), for appellee.

JUSTICE WHITE* delivered the opinion of the court:

Plaintiff William Jessen appeals from an order of the circuit court denying his request for leave to file a second amended complaint.

Plaintiff was injured while working on the La Salle Bridge project in La Salle County, Illinois. At the time he was injured, plaintiff was employed by S.J. Groves & Company as a carpenter. The injury occurred when plaintiff was stepping on a retaining wall used as a means of gaining access to the La Salle Bridge jobsite.

Plaintiff filed suit against Sverdrup & Parcel and Associates, Inc., a consulting engineer for the project, and Shappert Engineering Company, one of the general contractors on the project, charging them with violations of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, pars. 60 through 69). Defendants filed motions for summary judgment alleging that they had no right to supervise or otherwise exercise control over the work of plaintiff or his employer.

---

*This opinion was authored prior to Justice White's retirement.

On the same day defendants' motions were filed, plaintiff filed an amended complaint omitting the Structural Work Act claim and charging defendants with negligence for failing to provide a safe means of ingress and egress to the project.

Sverdrup filed a section 2—619 motion to dismiss plaintiff's amended complaint. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619.) In this motion, defendant alleged that under its contract for the La Salle Bridge project, it was required only to determine potential sites and develop design specifications for the bridge and, therefore, it had no duty to provide a safe means of ingress and egress to the work site.

The trial court granted Sverdrup's motion, agreeing that the contract imposed no duty on it to provide safety specifications for the work site. Following the trial court's ruling, plaintiff made an oral motion for leave to amend. This motion was denied, and the court's order was made final and appealable pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Subsequently, plaintiff filed a motion to vacate the Rule 304(a) language and for leave to file a second amended complaint.

In the second amended complaint, plaintiff alleged that, under the contract for the bridge project, defendant was required to provide for drainage, drainage areas, cross drains, and subdrainage in and around the area in which the bridge was to be constructed. Plaintiff alleged that defendant negligently and carelessly failed to provide for adequate drainage for the area and negligently and carelessly provided for the construction of the retaining wall without providing means for water runoff from the areas adjacent to the wall. Plaintiff alleged that as a result of Sverdrup's negligence, excessive water accumulated upon the earth embankment adjacent to the retaining wall, creating a hazardous condition for persons who were required to use the embankment as a means of ingress and egress to the work site, and causing plaintiff to fall while traversing the embankment.

Following a hearing, the trial court entered an order refusing to vacate its earlier ruling and denying plaintiff leave to file an amended complaint. This appeal followed.

In his briefs on appeal, plaintiff acknowledges that under the supreme court's decision in *Ferentchak v. Village of Frankfort* (1985), 105 Ill. 2d 474, 475 N.E.2d 822, the trial court correctly dismissed his first amended complaint. However, plaintiff argues that the trial court abused its discretion when it denied leave to file a second amended complaint. We agree.

■ Section 2—616(c) of the Code of Civil Procedure states that a "pleading may be amended at any time, before or after judgment, to

conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(c).) Despite the broad nature of the language of section 2—616(c), courts have ruled that the question of whether an amendment should be allowed is addressed to the discretion of the trial court and that it is not an abuse of discretion to deny a motion for leave to amend when the proposed amendment would not cure the defect in the pleading. *Prince v. Atchison, Topeka & Santa Fe Ry. Co.* (1981), 95 Ill. App. 3d 856, 420 N.E.2d 737; *Byron Chamber of Commerce, Inc. v. Long* (1981), 92 Ill. App. 3d 864, 415 N.E.2d 1361; *Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 397 N.E.2d 200.

■ In dismissing plaintiff's first amended complaint, the trial court found that under *Ferentchak*, the scope of Sverdrup's duty was defined by the terms of the contract and that because the contract imposed no duty on Sverdrup to provide for work site safety, it could not be held liable for the failure to do so. In his second amended complaint, plaintiff alleged that Sverdrup's contract imposed an obligation on it to provide for proper drainage in and around the jobsite. Plaintiff further alleged that, therefore, under the contract, Sverdrup had a duty to provide for proper drainage, that Sverdrup breached this duty, and that Sverdrup's breach of duty was the proximate cause of plaintiff's injury. We find that these allegations were sufficient to cure the defects of the first amended complaint.

In arguing that the trial court properly denied leave to amend, Sverdrup contends that the language in the contract concerning drainage imposed an obligation on it to design a bridge that would drain properly during rainstorms; it did not obligate Sverdrup to provide plans for drainage during construction. While this may be true, we agree with plaintiff's argument that the issue is not properly before this court since the trial court has not yet ruled on the sufficiency of the second amended complaint. Accordingly, we decline to address the issue.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings.

Judgment reversed and cause remanded for further proceedings.

RIZZI and GREIMAN, JJ., concur.