The William D. Gibson Company v. Bartolomei Hoideczka, alias Frank Hartman.

Gen. No. 12,709.

1. NEGLIGENCE—*what essential to recovery because of.* In order to recover for an injury resulting from a breach of duty by the defendant, it is not sufficient to allege the duty or the facts which

gave rise to the duty, but the breach of duty must be set up in the declaration.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed, with finding of facts. Opinion filed November 7, 1906.

HORTON & BROWN, for appellant.

FRANK W. KORALESKI and ROYAL W. IRWIN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $3,000 recovered against it by the plaintiff in an action for personal injuries.

The declaration contains but one count. It alleges that June 21, 1902, defendant was engaged in making steel wire springs at its factory in Chicago; that plaintiff on said day was in the employ of defendant as a laborer and was engaged in sorting strips of iron and steel in the basement of said factory; that defendant used a part of said basement for the storage of large coils or bundles of steel wire, and then proceeds as follows: "that thereupon it became and was the duty of defendant to exercise reasonable care and caution to see to it that said bundles of wire were so placed, piled and arranged as to give plaintiff sufficient space in which to perform his work with reasonable safety, and not cover said strips of steel that plaintiff was sorting, making it necessary for plaintiff to remove certain of said bundles of wire off and from said strips of steel and subject plaintiff to the danger of said wire being released suddenly by reason of the stringer or band which bound and confined the same giving way and breaking while being so removed; which liability of said stringer or band so

The William D. Gibson Co. v. Hoideczka.

to give way and break was well known to defendant and of which the plaintiff was totally ignorant. Yet the defendant in utter disregard of its duty in this behalf did not exercise reasonable care and caution to furnish plaintiff with a reasonably safe place at which to work, inasmuch as it, the said defendant, then and there negligently, carelessly, wrongfully and improperly caused, allowed and permitted said bundles of wire to be thrown to, upon and about and to cover said strips of steel; whereby and by reason of the premises while the plaintiff was in the exercise of due care and caution for his safety and in the performance of his duties as servant of defendant was removing one of said bundles of wire off and from said strips of steel, the stringer which bound and confined said bundle of wire suddenly and without any warning whatsoever parted, gave way and broke and the ends of said wire were suddenly and without any warning whatsoever parted, gave way and broke and the ends of said wire were suddenly and violently released, flew up and struck the plaintiff in the eye, and that as a result of such injury he lost the sight of the eye so injured," etc.

The only negligence of the defendant averred in the declaration is, that it negligently, etc., caused and permitted, etc., said bundles of wire to be thrown upon and cover said strips of steel.

The strips of steel were delivered to the basement of defendant's factory from the sidewalk through a window of the basement which extended above the level of the sidewalk. The bundles of wire were delivered to the basement through a hole in the sidewalk which was near the window above mentioned. Both the strips of steel and the bundles of wire were delivered to the factory to be used and employed in the manufacture of springs, and both must necessarily be moved and handled by the plaintiff and the other employes of defendant.

Plaintiff, in the proper discharge of his duties as a servant of the defendant company, picked up a bundle of wire to remove it from the place where it was to another place, in order to get at the strips of steel which he was to carry away, and while he held it in his hands, a band which was around the bundle gave way and an end of the wire thus released flew up and struck the plaintiff and caused the injury complained of. ·

Plaintiff's right of recovery cannot depend upon the circumstance that he was injured in handling and moving a bundle of wire in order to get at the steel. It cannot be held that he can recover for an injury thus received, unless he could recover if he had received the injury in the same manner and from the same cause while handling the bundle of wire, for the purpose of carrying it to any place to which he was directed, or it was his duty to carry it. The fact that plaintiff was injured while handling a bundle of wire in order to get at the steel was not the cause, but only the occasion of his injury.

We do not think that, under the facts and circumstances shown by the evidence in this record, it was the duty of the defendant to deliver the steel and the wire in such manner as that the wire should never fall upon or cover the steel, nor that the acts and conduct of defendant in delivering such steel and wire through openings into the basement so near to each other that bundles of wire fell upon and covered strips of steel, making it necessary for the plaintiff or other employes of defendant to remove the wire in order to get at the steel, amounted to or was negligence on the part of the defendant. ·

Conceding as matter of law, that the defendant when it furnished bundles of wire in its factory which its employes in the course of their employment were required to handle and move, was bound to exercise reasonable care to see that such bundles were

so bound and secured as that they might be handled and moved by its employes with reasonable safety to themselves, and as matter of fact, that the bundle in question was not so bound or secured, still the fact would not be any evidence of the negligence charged in the declaration, and consequently could afford no ground of recovery under the declaration.

In order to recover for an injury resulting to the plaintiff from a breach of duty by the defendant, it is not sufficient to allege the duty, or the facts which give rise to the duty, but the breach of duty must be set up in the declaration. McAndrews v. C. L. S. & E. Ry. Co., 222 Ill. 232; C., B. & Q. R. R. v. Bell, 112 Ill. 360. There is no averment in the declaration that the defendant was negligent in respect to the manner in which said bundles of wire were bound or secured. There is in the declaration an averment that the liability of a band which was around a bundle of wire to break or give way was known to defendant, but was not known to the plaintiff, but this cannot be held, even after verdict, to amount to an averment that the defendant was guilty of negligence in respect to the binding or securing of said bundles of wire.

We find in the record no evidence to warrant or support a finding by the jury that the defendant was guilty of the negligence charged in the declaration, and the judgment will, therefore, be reversed with a finding of facts.

*Reversed with finding of facts.*