JESSIE M. WILLIAMS, Plaintiff-Appellant, v. DANLEY LUMBER COM-
PANY, Defendant-Appellee.

Second District   No. 84—0009

Opinion filed December 14, 1984.

E. A. French, of Waukegan, for appellant.

Bonita L. Stone, of Katten, Muchin, Zavis, Pearl & Galler, of Chicago,
for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Jessie M. Williams, plaintiff, appeals from a summary judgment in
favor of Danley Lumber Company, defendant, in her "damage to
credit" action in the circuit court of Lake County. In her brief on ap-
peal, she states that there were several genuine issues of fact which
should have precluded the entry of summary judgment. We affirm the
trial court, however, on the basis that her brief fails to set out a co-
gent argument in support of her position that the judgment of the cir-
cuit court should be reversed.

A reviewing court is entitled to have the issues clearly de-
fined, with pertinent authorities cited and a cohesive legal argument
presented. (*In re Marriage of Souleles* (1982), 111 Ill. App. 3d 865,
869.) The appellate court is not simply a depository in which the ap-
pealing party may dump the burden of argument and research. (*Pe-
cora v. Szabo* (1982), 109 Ill. App. 3d 824, 825-26.) We may deem
waived any issue which has not been sufficiently or properly pre-
sented to this court for review. 109 Ill. App. 3d 824, 826.

The argument section of the plaintiff's brief here posits that sev-

eral genuine issues of fact were presented and then proceeds to identify these issues. We note that she does not state that these questions of fact were material. First, she claims that defendant's breach-of-contract action was prematurely filed. She does not explain how that contention has any bearing on her complaint, inasmuch as she never alleged that the suit was prematurely filed or that its premature filing caused damage to her credit. Next, she suggests that "poignant" questions of fact exist as to whose duty it was to file the stipulation to dismiss the action. She does not attempt to explain the materiality of this inquiry. Finally, she argues that questions of fact exist as to why defendant's attorney failed to follow up on the motion to vacate the default judgment. In raising this question, she asserts that defendant's attorney's explanation in his affidavit is not dispositive since the attorney admitted his misunderstanding of the court's procedures. However, the attorney stated that it was his understanding that the presence of an attorney was not necessary to have a hearing on the motion to vacate. Plaintiff never filed a counteraffidavit to contradict that statement describing the normal procedure in the circuit court of Cook County. Therefore, the affidavit establishes that defendant's attorney did not act negligently or intentionally in not following up on the motion to vacate and that the failure of that motion to vacate the judgment lay elsewhere. Therefore, this argument is totally inadequate for this court to consider the merits of the plaintiff's appeal.

■ Furthermore, plaintiff has failed to cite any case law establishing that the questions she raises on appeal are material. Although the "Points and Authorities" section lists several cases, those cases merely present general statements of the law regarding summary judgments and do not pertain to plaintiff's cause of action. This failure is fatal, since it is unclear from plaintiff's pleading and her brief what cause of action she is alleging—an intentional tort or negligence. Consequently, the materiality of the questions of fact which she raises as being disputed has not been established.

For the above reasons, we conclude that the judgment of the circuit court of Lake County must be affirmed.

Judgment affirmed.

LINDBERG and REINHARD, JJ., concur.