# Illinois Official Reports

## Appellate Court

---

### *In re Application of Skidmore*, 2018 IL App (2d) 170369

---

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF ROBERT SKIDMORE, County Treasurer and *ex officio* County Collector of Lake County, for Judgment and Order of Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes for the Year 2012 and Prior Years (Interstate Funding Corporation, Petitioner-Appellee, v. Kenneth J. Meurer, Objector-Appellant). |
| District & No. | Second District<br>Docket No. 2-17-0369 |
| Filed<br>Rehearing denied | February 14, 2018<br>April 2, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 16-TD-446; the Hon. Daniel L. Jasica, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | John W. Stanko Jr. and Emmett R. McCarthy, of Stanko McCarthy Law Group, Ltd., of Chicago, for appellant.<br><br>Brian A. Burak, of Burcorp., P.C., of Long Grove, for appellee.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Stephen J. Rice, Assistant State's Attorney, of counsel), for *amici curiae* Lake County Clerk *et al.* |

| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices McLaren and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1     Objector, Kenneth J. Meurer, appeals the decision of the circuit court of Lake County granting the petition of petitioner, Interstate Funding Corporation (Interstate), for a tax deed. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     On November 18, 2013, Interstate purchased the delinquent taxes on a property in Lake County, Illinois, identified by property index number (PIN) 12-28-102-099 and commonly known as unit 309, 1301 N. Western Avenue, Lake Forest (the property). The property was a condominium owned by Meurer. The county clerk issued Interstate a certificate of sale pursuant to section 21-250 of the Property Tax Code (Code) (35 ILCS 200/21-250 (West 2016)).

¶ 4     On May 25, 2016, Interstate filed a petition for a tax deed in the circuit court of Lake County. Interstate also filed a notice pursuant to section 22-5 of the Code (35 ILCS 200/22-5 (West 2016)), which advised Meurer of the property's sale for delinquent taxes and the date of the expiration of the redemption period. This notice was a specimen form as prescribed by the Code, and it was prepared by the county clerk. Interstate acknowledges that it approved the notice. The county clerk filled in the PIN on the line requiring a certificate number. Interstate's subsequent notices also contained the PIN on the lines requiring a certificate number.

¶ 5     On November 18, 2016, Meurer filed an objection to the issuance of a tax deed, arguing that Interstate failed to strictly comply with the Code "in numerous instances." Meurer set forth only one vague and conclusory example, that being "the certificate number as identified on [Interstate's] take notices, which is erroneous." Interstate responded that "Lake County is the only Illinois County which does not specifically designate a number for its tax sale certificates." Thus, according to Interstate, it filled in the notices with the PIN, which appeared on the certificate of sale.

¶ 6     On February 24, 2017, the court denied Meurer's objection, and Meurer filed a motion to reconsider. Meurer argued that Interstate's use of the PIN placed "incorrect" information on the notices calling for the certificate number. The court denied that motion on April 21, 2017. Also on April 21, 2017, Interstate filed an application for an order directing the county clerk to issue a tax deed. On that date, Interstate proved up its case,[1] and the court entered the order so directing the county clerk. Meurer filed a timely notice of appeal.

_____

[1]At the prove-up, Interstate indicated that it had assigned the certificate of sale to Galaxy Sites, LLC. The court permitted Galaxy Sites, LLC, to be substituted as the petitioner, but the pleadings were never amended to reflect the change.

¶ 7                                                    II. ANALYSIS

¶ 8        Meurer contends that writing in the PIN instead of "not applicable" where the forms called for a certificate number was an error that precluded the issuance of a tax deed. Preliminarily, we address the state of the record. Meurer takes issue with findings that the court allegedly made at the hearing on his objection. No court reporter was present, and Meurer has not filed a bystander's report or an agreed statement of facts pursuant to Illinois Supreme Court Rule 323 (eff. Dec. 13, 2005). Generally, where an appellant fails to furnish a complete record of the proceedings at trial, we will presume that the trial court's order was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). However, the sufficiency of the record turns on the question presented by the appeal. *In re Marriage of Abu-Hashim*, 2014 IL App (1st) 122997, ¶ 15. Because this appeal presents a question of statutory construction, the record is sufficiently complete for us to address the merits. Nevertheless, any doubts and deficiencies arising from the insufficient record will be construed against Meurer. See *Abu-Hashim*, 2014 IL App (1st) 122997, ¶ 15 (doubts and deficiencies arising from an insufficient record will be construed against the appellant).

¶ 9        We now turn to the merits. The tax-deed scheme consists, in relevant part, of a series of complex notice provisions. Section 22-5 of the Code requires a tax-sale purchaser to deliver to the county clerk within 4 months and 15 days after the tax sale a "post-sale" notice. 35 ILCS 200/22-5 (West 2016); *In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, ¶ 28 (hereinafter *Glohry*). Section 22-5 requires strict compliance. *Glohry*, 2011 IL App (1st) 101966, ¶ 40. Section 22-10 (35 ILCS 200/22-10 (West 2016)) requires the purchaser to give to the owners, occupants, and other parties interested in the property notice of the sale and the date of expiration of the redemption period. This is the "pre-expiration" notice. *Glohry*, 2011 IL App (1st) 101966, ¶ 28. Section 22-15 (35 ILCS 200/22-15 (West 2016)) requires that the pre-expiration notice be served by the sheriff and also by publication. Section 22-20 (35 ILCS 200/22-20 (West 2016)) requires that the sheriff's return of service and proof of publication be filed with the circuit clerk. Section 22-25 (35 ILCS 200/22-25 (West 2016)) requires the purchaser to file the pre-expiration notice with the circuit clerk, who then mails it to those persons entitled to notice under section 22-10. Section 22-40 (35 ILCS 200/22-40 (West 2016)) requires the court to "insist on strict compliance" with sections 22-10 through 22-25 before ordering the county clerk to issue a tax deed.

¶ 10       The petitioner for a tax deed must demonstrate that it strictly complied with the notice requirements of the Code. *Glohry*, 2011 IL App (1st) 101966, ¶ 44. The legislature requires the specimen forms set forth in sections 22-5 and 22-10 to be "completely filled in." 35 ILCS 200/22-5, 22-10 (West 2016). As indicated, each specimen form has a line for the certificate-of-sale number. Whether using the PIN as the certificate number strictly complied with the statute is a question of statutory construction, which we review *de novo*. *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130103, ¶ 10 (hereinafter *Flamm*).

¶ 11       A reviewing court's primary objective in construing a statute is to give effect to the legislature's intent. *Flamm*, 2013 IL App (1st) 130103, ¶ 9. The best indication of the legislature's intent is the plain and ordinary meaning of the statute. *Flamm*, 2013 IL App (1st) 130103, ¶ 9. A statute should be evaluated as a whole, with each provision construed in connection with every other section. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d

391, 397 (1994). Courts presume that the legislature did not intend to create absurd, inconvenient, or unjust results. *Flamm*, 2013 IL App (1st) 130103, ¶ 9. Courts may also consider the consequences that would result from construing a statute one way or another. *Solon v. Midwest Medical Records Ass'n,* 236 Ill. 2d 433, 441 (2010).

¶ 12    Meurer argues that Interstate's section 22-5, 22-10, 22-20, and 22-25 notices were defective. He asserts that Interstate should have written "not applicable" in the space where the form requested the certificate number. Interstate responds that it strictly complied with the statute where (1) the county clerk prepared the post-sale notice, (2) it was impossible to include the certificate number on the notices because the county clerk does not issue such numbers, and (3) the notices did not contain incorrect information.

¶ 13    The Lake County State's Attorney filed an *amicus* brief on behalf of the county clerk and the county collector (collectively Lake County). Lake County argues that every tax-sale purchaser in the county faces this issue because the county clerk does not designate a unique number for a certificate of sale, apart from the PIN. Lake County also asserts that the notices contain no error because all of the information contained therein is correct. Finally, Lake County urges that strict compliance is not necessary. We hold that Interstate strictly complied with the Code.

¶ 14    We begin our analysis with well-established principles. The primary purpose of Illinois's tax-deed system is to coerce tax-delinquent property owners to pay their taxes, not to assist others in depriving the owners of their property. *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130463, ¶ 10 (hereinafter *Equity One Investment Fund*). The notice provisions contained in sections 22-10 through 22-25 are designed to benefit citizens and to protect their property from sacrifice. *Equity One Investment Fund*, 2013 IL App (1st) 130463, ¶ 10. The specific purpose of the post-sale notice is to assist property owners to redeem their property before interest accumulates by giving early notice and additional time for the owners to make arrangements to preserve their property rights. *Equity One Investment Fund*, 2013 IL App (1st) 130463, ¶ 10. The post-sale notice is intended to convey "all necessary information to the property owner so that he or she may redeem the property." *Equity One Investment Fund*, 2013 IL App (1st) 130463, ¶ 8. Accordingly, strict compliance with the post-sale notice provision is a "well-settled standard." *Equity One Investment Fund*, 2013 IL App (1st) 130463, ¶ 10. Under this standard, whether any owner, occupant, or other interested party is misled by a notice is irrelevant, and a court assumes prejudice where the notice does not strictly comply with the Code. *Equity One Investment Fund*, 2013 IL App (1st) 130463, ¶ 11. As noted, the legislature itself mandates strict compliance with the notice requirements. 35 ILCS 200/22-40 (West 2016). One reason for the strict-compliance standard is that persons of limited knowledge or education might easily overlook the payment of taxes or be unable to make the payment, resulting in the loss of their property and in financial disaster. *In re Application of the County Collector*, 295 Ill. App. 3d 703, 708-09 (1998) (hereinafter *Midwest Real Estate Investment Co.*). When there are substitutions or omissions on a notice form, the purchaser is not entitled to a tax deed. *Equity One Investment Fund*, 2013 IL App (1st) 130463, ¶ 15. From this, we necessarily conclude that, where a post-sale notice and all subsequent notices impart complete, correct information, they strictly comply with the Code.

¶ 15    Meurer's argument that Interstate placed "incorrect" information on the notices by identifying the PIN as the certificate number assumes, without authority, that a county clerk

cannot assign a PIN as a certificate number. Regardless of whether the county clerk expressly adopted the PIN as the certificate number, she effectively did so by placing the PIN in a prominent location on the certificate and supplying no other identifying numbers. That the county clerk filled in Interstate's post-sale notice using the PIN on the line designated for the certificate number indicates that this is the county clerk's practice. We determine that this procedure does not violate the Code.

¶ 16    Section 21-250 requires the county clerk to issue a tax-sale purchaser a "certificate of purchase countersigned by the collector." 35 ILCS 200/21-250 (West 2016). The certificate must (1) describe the property; (2) include the date of sale; (3) include the amount of taxes, special assessments, and interest and the cost for which they were sold; and (4) state that the sale price has been paid. *In re Application of the Kane County Collector*, 2014 IL App (2d) 140265, ¶ 15. A tax-sale purchaser acquires through the certificate the right to be paid the price of the sale, interest, costs, and any other taxes, if there is a redemption. *In re Application of Anderson*, 162 Ill. App. 3d 815, 820 (1987). Section 21-251 (35 ILCS 200/21-251 (West 2016)) provides that the county clerk shall create and maintain a registry system to keep track of certificates issued pursuant to section 21-250. To that end, section 21-251(b) authorizes the county clerk to "promulgate reasonable rules, procedures, and forms for purposes of creating and maintaining the registry and for access to the registry information by members of the public." 35 ILCS 200/21-251(b) (West 2016).

¶ 17    County clerks' duties with respect to collecting taxes are purely ministerial. *People ex rel. Carr v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.*, 316 Ill. 410, 414 (1925). Thus, devising a system to keep track of certificates of sale is an administrative function, rather than a judicial or legislative function, left to individual county clerks. The statute requires only that the process (1) is reasonable and (2) gives access to the public. 35 ILCS 200/21-251(b) (West 2016).

¶ 18    In our view, using a PIN as a certificate number is reasonable, even though it might duplicate information called for elsewhere on the notices. A PIN identifies a parcel of property for assessment and taxation purposes. 35 ILCS 200/1-120 (West 2016). Placing the PIN at the top of the certificate conveys more information more immediately than a generic number chosen at random. Using the PIN as the certificate number also provides public access because the PIN system is open for inspection and available to the public under section 9-45 of the Code. 35 ILCS 200/9-45 (West 2016). Further, section 9-45 provides that the PIN system may be used to automate the office of the recorder. 35 ILCS 200/9-45 (West 2016). Thus, the legislature has approved of using PINs as an administrative tool.

¶ 19    The cases Meurer relies on are inapposite. In *In re Application of the County Collector*, 356 Ill. App. 3d 668, 673-74 (2005), the court held that failing to include the street address of the courthouse where a tax-deed hearing would be held rendered the notice insufficient. In *Midwest Real Estate Investment Co.*, 295 Ill. App. 3d at 705, the notices erroneously omitted the complete certificate number. In *In re Application of the Cook County Collector*, 100 Ill. App. 3d 178, 179 (1981), the post-sale and pre-expiration notices were insufficient because they listed the subject property as being in the wrong municipality. In *Flamm*, the post-sale notice listed the wrong redemption expiration date. *Flamm*, 2013 IL App (1st) 130103, ¶ 14. Rather than discuss the remaining cases Meurer cites, suffice it to say that the notices in those cases contained similar types of errors. Here, the notices contained no error.

¶ 20    Meurer further asserts that interpreting the notices to be in strict compliance would be inconsistent with the balancing of interests manifested in the Code. The only argument Meurer advances is to paraphrase boilerplate language in *Midwest Real Estate Investment Co.* relating to the purpose of the tax-deed system. Consequently, Meurer fails to present a cohesive legal argument, and this issue is forfeited. See *Williams v. Danley Lumber Co.*, 129 Ill. App. 3d 325 (1984) (appellate court is entitled to have the issues clearly defined, with authorities cited and a cohesive legal argument presented). Accordingly, we hold that Interstate strictly complied with the notice requirements of the Code, entitling it to a tax deed.

¶ 21                                    III. CONCLUSION
¶ 22    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 23    Affirmed.