**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220384-U

Order filed July 18, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| ESTATE OF DOUGLAS K. PHINNEY, | ) | Appeal from the Circuit Court |
| Deceased | ) | of the 18th Judicial Circuit, |
| | ) | Du Page County, Illinois, |
| (Wayne Canale, | ) | |
| | ) | Appeal No. 3-22-0384 |
| Petitioner-Appellant, | ) | Circuit No. 21-P-431 |
| | ) | |
| v. | ) | Honorable |
| | ) | Joseph T. Bugos, |
| Erin T. Phinney, | ) | Judge, Presiding. |
| Respondent-Appellee). | ) | |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not err in (1) requiring the claimant to appear in person, (2) dismissing his citation and striking his jury demand, (3) admitting the will once it had been found, (4) allowing the executor to amend her letters of administration, (5) converting the probate matter to an unsupervised administration, and (6) granting the executor's citation to recover property from the claimant.

¶ 2     Wayne Canale appeals from the Du Page County circuit court's order dismissing his claim from the estate of Douglas K. Phinney, arguing that the court erred when it excluded him from proceedings; dismissed his citations without first allowing them to be heard by a jury;

allowed the executor, Erin T. Phinney, to admit a newly discovered will, amend her letters of administration, and convert the matter to an unsupervised administration; and granted Erin's citation against him. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4          Douglas died on January 19, 2021. Upon his death, his daughter Erin filed a petition for letters of administration. The petition alleged that she could not locate an original will, only a photocopy, thus sought to administer the estate as intestate. The affidavit of heirship accompanying the petition stated that Erin was Douglas's only child. The court issued letters of office to Erin as an independent administrator.

¶ 5          Erin caused a notice to be published in the newspaper on May 9, 16, and 23, 2021, that stated that the last date of filing a claim against the estate was November 9, 2021. The notice was republished on February 4, 11, and 18, 2022, due to a misprint of the court docket number in the original publication. The amended notice provided that the last day to file a claim against the estate was August 4, 2022.

¶ 6          Canale filed the only claim against the estate on November 8, 2021, and Erin filed a notice of disallowance on that claim on December 9, 2021. On January 20, 2022, Canale filed a petition for citation to recover a concealed will and property, a petition to remove Erin as executor, and a jury demand. In response to Canale's petition, Erin filed a motion for leave to issue a citation for recovery of property belonging to the estate that was taken by Canale, and a motion to strike the jury demand.

¶ 7          Before the court ruled on any motions, Canale began conducting discovery without first obtaining leave of court. He issued several subpoenas *duces tecum* to various financial institutions seeking information regarding Douglas's accounts. He requested these institutions

provide him with information regarding who was the beneficiary on each account, whether any included a payable on death designation, and whether any were owned in joint tenancy with someone else.

¶ 8　　　The parties appeared in court on March 15, 2022, to address several motions that had been filed by both parties. During this appearance, the court admonished Canale that he had to notice his motions up for presentment if he wanted them heard by the court, and that he must obtain leave of court before conducting discovery. The court also noted that Canale had attended the hearing via telephone and told him to either appear in person or through Zoom where he would be visible on camera. Canale stated he understood. Canale then filed a motion to substitute the judge.

¶ 9　　　On March 18, 2022, the court heard the motion for substitution. Erin's counsel argued that Canale had yet to prove that he was an interested party entitled to file such a motion and argued that it was only filed to delay the proceedings. The court granted Canale's motion over Erin's objection. It further addressed the fact that Canale had appeared via telephone rather than in person or via camera as requested at the last hearing. The court told Canale:

> "I would encourage you to, in the interim, find the ability to either do Zoom so that the court can see you – I understand you can appear by phone. That's really not – if there's an emergency or something, it's usually kind of how we handle that, but this is a court of law, and my expectation is that you're going to appear personally.
>
> That's not something that I require of just you. It's of every litigant before the Court. And I'm sure my fellow colleagues share the same requirements."

Canale again stated that he understood the request.

3

¶ 10    After being admonished that he must obtain leave prior to beginning discovery, Canale still did not obtain leave of court but issued several other subpoenas to more financial institutions and sent a request to Erin under Illinois Supreme Court Rule 214 for production of the will. Ill. S. Ct. R. 214 (eff. July 1, 2018). The parties appeared in court on April 4, 2022, to address Erin's motion to restrict Canale's subpoenas. Erin's counsel appeared in person, and Canale appeared via telephone. The court gave Canale time to respond before setting a hearing date on April 29, 2022. It told the parties that "everybody's got to be here live because this is not the average case that I hear, but I want to have everybody here in person." Later, the court again stated, "You have to be present before me. Okay?" Canale did not object or otherwise respond. The order entered by the court included that all parties were to appear in person for the hearing.

¶ 11    On April 8, 2022, Canale filed an amended petition for citation to discover a concealed will and property and a motion to terminate independent administration of the estate, to remove Erin as the administrator, and to require her to file an inventory of the estate. In his motions, Canale claimed that Erin was not Douglas's biological daughter because Douglas once told Canale that he was infertile and that his wife was unfaithful.

¶ 12    On April 15, 2022, the court set a briefing schedule for Canale's new filings, set the matter for hearing on May 27, 2022, and struck the April 29, 2022, hearing date. The court again noted that Canale did not appear in person, but this time on Zoom. It stated that "all my hearings are in person." In its written order, the court ordered that all parties be present in court and that no other motions be filed until it ruled on the pending motions.

¶ 13    Erin filed responses to Canale's motion and petition. Her responses stated that she found a photocopy of Douglas's will, but the original had not been located. All actions taken during the administration of the estate were in conformity with the Illinois Probate Act. 755 ILCS 5/1-1 *et*

4

*seq.* (West 2022). Further, to address Canale's claim that Erin was not Douglas's daughter, Erin provided the court with a copy of her birth certificate listing Douglas as her father and the petition for divorce from her parents' dissolution where Douglas acknowledged that Erin was his only child.

¶ 14        On May 12, 2022, Canale filed a counterpetition for letters of administration. He listed Douglas's brother and sister as his only surviving heirs. He also filed a counter-affidavit of heirship that stated Douglas did not have any children due to infertility. Canale further alleged that Douglas once showed him a will listing him as the beneficiary of various "valuables." With these documents, Canale filed a second jury demand and a motion for recusal of the judge. In his motion for recusal, Canale argued that, due to new courtroom assignments, the current judge would no longer be hearing the case and should continue the motions so they would be decided by the next judge assigned to that courtroom. He further stated that he was "not willing to appear" in court due to COVID-19 concerns and that "[e]very judge I have been assigned to thus far seems to be obsessed with ordering me to appear in person in the courthouse." The court heard arguments for the motion on May 20, 2022, and denied it. The court again told Canale, who appeared via Zoom, that he must be personally present and outlined the safety precautions in the courthouse to protect individuals from exposure. Canale voiced no objections.

¶ 15        On May 27, 2022, the court held a hearing on the pending motions. Although the court ordered everyone to appear in person, Canale was present via telephone. Canale claimed that he had vehicle troubles and had to pull over on his way to the courthouse. The court granted Erin's motion to strike the jury demand, entered and continued Erin's petition for leave to issue a citation to recover property Canale had taken from the estate, denied Canale's amended petition to discover a concealed will and property, granted Canale's motion to terminate independent

administration, and ordered that administration of the estate be supervised with Erin as the administrator. The court also granted Erin's motion to restrict Canale's subpoenas so that the financial institutions could only disclose information to Canale if he was listed as a joint tenant, named beneficiary, or payee on death. It denied and struck Canale's counterpetition for letters of administration and the counter-affidavit of heirship. The court told Canale that his claims that Douglas was infertile and that his wife was unfaithful were unconvincing and inadmissible. It took judicial notice of Erin's birth certificate and the petition for dissolution where Douglas acknowledged Erin as his daughter.

¶ 16      Erin filed an inventory on June 6, 2022, which included items that Erin alleged Canale had taken from the estate. Erin also found the original signed will and filed it. With the will, she filed a petition to admit it to probate and convert the estate from intestate to probate. The will was signed on September 22, 2004, listed Erin as Douglas's only daughter, and left his entire estate to her.

¶ 17      At a status hearing on June 24, 2022, the matter came before a different judge who had been reassigned to the courtroom. Canale again appeared via telephone, and the court told him to appear in person at the next court date if he wanted to be heard. In response, Canale filed a motion for substitution of judge.

¶ 18      On July 7, 2022, Canale's motion for substitution of judge was denied. He again appeared remotely and without any video. Erin's counsel informed the court that this had been an ongoing issue. Counsel stated that Canale was first ordered several times to appear either in person or via camera, and he was eventually ordered to appear in person. Upon hearing this, the court ordered Canale to appear in person at all further court dates, and Canale stated that he understood.

¶ 19     On July 22, 2022, the will was admitted to probate. At this court date, the court again noted that, even though Canale had been ordered to appear in person, he appeared via Zoom. The court stated that Canale's presence was required due to the last court order, and while he was free to observe the court proceedings, he would not be allowed to participate. The court's order signed on this date provided that Erin was to be issued letters of office and that the previous bond with surety was terminated.

¶ 20     On August 12, 2022, the matter was in court on Erin's motion to sell property of the estate. Canale again did not appear in person. The court explained that there was an order requiring him to be present and he was therefore not permitted to participate in the hearing. The court placed Canale on mute during the proceeding.

¶ 21     On August 25, 2022, the court held a hearing on Canale's claim against the estate and the citation to recover property of the estate taken by Canale. Canale appeared, ten minutes late, via telephone. The court once again stated that he had been ordered to appear in person and that because he failed to comply with the court's order "I'm not considering that you're even here." The court denied Canale's claim against the estate, finding that the admitted will had no provision leaving anything to Canale. The court found that the will did not even mention Canale at all. The court also found in favor of the estate on its citation and ordered that Canale return the property he had taken from the estate. Canale appealed.

¶ 22                                    II. ANALYSIS

¶ 23     Before addressing the merits on appeal, we first note that Erin has filed motions to strike Canale's opening and reply briefs. Canale's briefs do indeed fall short of satisfying the requirements for appellate briefs as set forth in Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). Generally, in such cases, absent some ability to decide the case on the merits, we have

7

discretion to dismiss the appeal for lack of compliance. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. However, along with this general rule, "our jurisdiction to entertain the appeal of a *pro se* plaintiff is unaffected by the insufficiency of his brief," so long as we understand the issues raised. *Bielecki v. Painting Plus, Inc.*, 264 Ill. App. 3d 344, 354 (1994). In this case, several of Canale's arguments are neither confusing nor difficult to understand. Thus, we will address each of Canale's coherent arguments in turn. See *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 27. While we choose to reach the merits on some of the arguments made on this appeal, we will disregard Canale's assertions that are inappropriate and unsupported. See *CB Construction & Design, LLC v. Atlas Brookview, LLC*, 2021 IL App (1st) 200294, ¶ 19.

¶ 24                           A. Exclusion of Canale from Proceedings

¶ 25         Canale first contends that the court erroneously placed him on mute during the citation hearing when he was previously permitted to appear via telephone. He further argues that Erin's attorney "misrepresented to the Court" that he must be personally present and that he was not actually ordered to appear in person until this misrepresentation occurred. He asserts that the court merely suggested that he either appear in person or on camera and never actually ordered him to do so. Canale also argues that the court's eventual order for him to appear in person was "callous and prejudicial" and "[i]mpos[ed] a sanction" on him.

¶ 26         Illinois Supreme Court Rule 241 provides that, during trials or evidentiary hearings, the "court may *** for good cause shown and upon appropriate safeguards, allow a case participant to testify or otherwise participate in a civil trial or evidentiary hearing by video conferencing from a remote location." Ill. S. Ct. R. 241 (eff. May 22, 2020). With this rule, the supreme court anticipated this very situation and determined it is up to the discretion of the trial court to decide whether participants in any hearing may be remotely present or if all parties must be personally

8

present. See *In re H.B.*, 2022 IL App (2d) 21404, ¶ 47 (finding that, under Rule 241, the court did not abuse its discretion in determining when to employ a hybrid procedure for hearings). Thus, the court's decision to require Canale to appear in person will not be disturbed absent a showing of an abuse of discretion. *Id.*

¶ 27      Here, we note that Canale is factually incorrect in his assertion that the court never ordered him to appear in person until counsel "misrepresented" that he had already been ordered to appear. During its pendency, three judges heard this case. Each judge ordered Canale to be physically present in court or to appear via Zoom with a camera; Canale ignored each order. When instructing Canale how to appear before it, the court explained the extensive precautions that were in place to protect the public from potential exposure to COVID-19. After the court explained these precautions, Canale stated he understood and did not voice any concerns, nor did he state that he would have any issues appearing in the future.

¶ 28      Instead of objecting, Canale waited until the next court date to offer a different excuse each time as to why he was not physically present. He still did not appear in person, forcing the court to issue several written orders requiring his presence in court. It is within the court's discretion to require a participant to appear in person, and the decision in this case was not arbitrary, fanciful, or unreasonable. See *Seymour v. Collins*, 2015 IL 118432, ¶ 41. Canale was given plenty of opportunities to comply and was warned he would not be permitted to participate if he did not appear in person. Canale's flagrant disregard of the court's orders caused the court to make the decision to exclude him from participating if he did not comply. He cannot now complain that he was excluded from participating when his actions created such a consequence. Thus, we find that the circuit court did not abuse its discretion by requiring Canale to appear in person in order to be heard.

¶ 29                                    B. Dismissal of Canale's Citation

¶ 30        Canale next argues that this court should reverse the dismissal of his amended petition for

citation to discover a concealed will and property and should remand the matter with instructions

that the citation hearing be heard by a jury.

¶ 31        Section 16-2 of the Illinois Probate Act allows for citation proceedings as follows:

>            "Personal property claimed by third party. Upon the filing of a petition therefor by
>
>            any person and upon such notice as the court may direct, the court may order a
>
>            representative having in his possession or control any personal property, book of
>
>            account, paper or evidence of title to land or of debt which belongs to the
>
>            petitioner to deliver the same to the petitioner or his agent." 755 ILCS 5/16-2
>
>            (West 2020).

Erin argues that Canale's citation was not proper under the Act because Canale did not identify

any personal property to which he was entitled. We will not disturb the circuit court's finding on

whether the property listed in a citation belonged to the estate absent a showing that it was

against the manifest weight of the evidence. *In re Weisberg's Estate*, 62 Ill. App. 3d 578, 588

(1978).

¶ 32        Initially, we find that the circuit court had sufficient basis to deny the petition for citation

as it pertained to the concealed will. Under the Act, a will is not property that can belong to

Canale. 755 ILCS 5/16-2 (West 2020). Canale cannot claim another person's will as his own

personal property, and a citation such as this is the incorrect avenue to take to obtain and present

a will to the court.

¶ 33        As for the other property claimed in the citation, Canale does not list any specific item

belonging to him that he seeks to recover. Rather, he makes vague references to property of the

estate that he feels he is entitled to receive, including unidentified bank accounts that he believes he may have been a joint tenant or that were intended to be payable to him when Douglas passed. The citation is also insufficient in that it fails to allege any facts to indicate that he is indeed the intended owner of the property or how Erin as the executor of the estate has withheld those items from him. He does not provide any evidence that any bank accounts exist that list him as a joint tenant or payee on death, nor can he provide evidence that any other item belongs to him when the admitted will bequeaths all of Douglas's possessions to his daughter. Canale did not file a proper citation listing any items that actually belonged to him and has not provided sufficient evidence to prove his claim. Thus, it was not manifestly erroneous for the court to dismiss his petition. See *In re Weisberg's Estate*, 62 Ill. App. 3d at 588.

¶ 34                                    C. Jury Demand

¶ 35        Canale also argues that the court erred in denying the jury demand he filed with his counterclaim. He specifically contends that his second jury demand, filed on May 12, 2022, was timely because it was filed at the same time as his counterclaim.

¶ 36        The Probate Act provides that a claimant who wishes to demand a jury must make such a demand at the time of filing the claim. 755 ILCS 5/18-6 (West 2020). Specifically, it reads: "A claimant or counterclaimant must file the jury demand at the time of filing the claim or counterclaim." *Id.*

¶ 37        Canale filed his claim against the estate on November 8, 2021, but did not file an accompanying jury demand. He argues his demand filed on May 12, 2022, was timely because he filed it with his counterclaim. However, he was already a claimant, and his failure to file a jury demand with this first claim makes any future demand untimely. *Id.* Further, Canale's repeated filings do nothing but make the same allegations and request the same relief. He cannot

11

argue that his counterclaim is a "new" claim that suddenly makes a new jury demand timely. We therefore find that the circuit court was correct in finding that Canale's jury demand was untimely.

¶ 38                                D. Canale's Remaining Arguments

¶ 39          Finally, Canale makes various contentions that the court acted improperly when it admitted the will, converted the matter back to an independent administration, allowed Erin to amend her petition for letters of administration without leave of court, and proceeded with Erin's citation hearing to recover property from Canale. However, Canale provides no argument other than asserting that the court was incorrect in making these rulings, and he cites no authority that would support these assertions. Instead of arguing any of these issues, he has instead merely listed them in a heading and provided a conclusory statement that he believes the court acted improperly.

¶ 40          The listing of these issues fails to comply with the Rule 341(h)(7) requirement that the appellant's arguments contain his reasons for making such arguments with citations to authorities and pages in the record to support them. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The appellate court is not a dumping ground in which the appellant may list his grievances and expect the arguments and analyses to be made for him. See *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11. The court is "entitled to have the issues clearly defined with pertinent authorities cited and a cohesive legal argument presented." *Williams v. Danley Lumber Company*, 129 Ill. App. 3d 325, 325 (1984). Moreover, we may waive any issue that has not been properly presented to the court. *Id.*

¶ 41          We find that with these remaining issues, Canale has failed to present any coherent legal argument for us to review. Canale's contentions do not include any actual argument and are

12

merely bald, unsupported assertions that he believes the circuit court erred in its decisions. Without presenting this court proper arguments to consider on review, Canale has waived these arguments on appeal. See *Williams*, 129 Ill. App. 3d at 325.

¶ 42                                    III. CONCLUSION

¶ 43        The judgment of the circuit court of Du Page County is affirmed.

¶ 44        Affirmed.