**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220480-U

Order filed October 11, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| ALIREZA BAKHTIARI, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-22-0480 |
| | ) | Circuit No. 21-AR-1412 |
| | ) | |
| ANDREY PETER SAVENOK and | ) | Honorable |
| EPITOME INVESTMENTS, LLC, | ) | Robert E. Douglas, |
| | ) | Judge, Presiding. |
| Defendants | ) | |
| | ) | |
| (Epitome Investments, LLC, | ) | |
| | ) | |
| Defendant-Appellee). | ) | |

JUSTICE ALBRECHT delivered the judgment of the court.
Justices McDade and Hettel concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court did not abuse its discretion in denying plaintiff's motion for default judgment or in granting defendant's motion to dismiss.

¶ 2     Plaintiff, Alireza Bakhtiari, appeals from the circuit court's decision to dismiss his second amended complaint with prejudice. He argues that the court erred when it denied his motion for

default judgment and in granting defendant's motion to dismiss his breach of contract, fraudulent concealment, negligence, and negligent infliction of emotional distress claims. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On August 6, 2021, Bakhtiari filed a complaint against defendants, Andrey Peter Savenok and Epitome Investments, LLC, asserting the claims of breach of contract, promissory estoppel, a violation of the Consumer Fraud and Deceptive Business Practices Act, intentional and fraudulent misrepresentation, unjust enrichment, fraudulent concealment, negligent infliction of emotional distress, negligence, a violation of the Illinois Premises Liability Act, and sought a declaratory judgment regarding the habitability status of his apartment and an injunction on the collection of his monthly rent.

¶ 5        In his complaint, Bakhtiari stated that he moved to the area in summer 2020 and entered into a one-year lease with Epitome. The lease provided that Bakhtiari's lease term would be from the period June 15, 2020, to June 15, 2021, and contained an automatic renewal provision for the next year. The complaint alleged that upon moving in, Bakhtiari immediately noticed a problem with the building's plumbing. A smell of sewer gas was present through Bakhtiari's apartment that increased in intensity throughout his tenancy. Bakhtiari contacted Savenok, the owner and manager of Epitome, who stated that Epitome would address the problem. Months after Bakhtiari complained of the odor, Epitome retained the services of a sewer system cleaning company that flushed out the external pipes.

¶ 6        The complaint further alleged that the flushing of the sewer system provided only a temporary fix and that by July 2021, Bakhtiari believed the apartment had become uninhabitable. In August 2021, Bakhtiari cited to an incident where the intensity of the odor was so strong that he became lightheaded and fell in the shower, causing injuries.

¶ 7        Bakhtiari attempted to serve the complaint to Savenok and Epitome through a law office that did not go on to represent either defendant in the matter and through the Secretary of State. He received a letter from the Secretary of State's office on August 27, 2021, informing him that the office received his summons. On August 20, 2021, Bakhtiari filed a motion for leave to serve Savenok and Epitome via alternative services, alleging that he had been unable to serve them because they were actively evading service. On August 30, 2021, the court granted Bakhtiari's motion and ordered that service could be made by mailing and posting the summons and complaint at defendants' last known addresses. Bakhtiari filed a certification and proof of service on September 14, 2021, averring that on September 13, 2021, he mailed the summons and complaint to each address and affixed them to the door at each location.

¶ 8        Counsel for the defendants filed an appearance on October 1, 2021. On October 4, 2021, Bakhtiari filed a motion for default judgment, arguing that over thirty days had passed since the defendants' previous attorney and the Secretary of State had received service and that, as of the date of the filing of his motion, neither Savenok nor Epitome had filed a pleading or appearance in the case.

¶ 9        The parties appeared in court on October 8, 2021. Defendants' attorney made an oral motion for an extension of time to file responsive pleadings, which was granted. The circuit court gave Savenok and Epitome until November 5, 2021, to file a responsive pleading and continued the matter for status and ruling on Bakhtiari's motion for default judgment to November 9, 2021.

¶ 10        On November 5, 2021, defense counsel filed a motion to dismiss Savenok individually and a motion to dismiss the complaint under 735 ILCS 5/2-619.1 (West 2020), arguing Bakhtiari

3

failed to state a cause of action upon which relief could be granted. On November 9, 2021, the court denied Bakhtiari's motion for default judgment stating:

> "[I]t's the Court's order – the Court's order of 21 October – I'm sorry, 8 October '21 said the oral motion of the defendants is – for an extension of time to file their response of [*sic*] pleading is granted. Defendants have on or before November 5th to file their response of pleadings. Plaintiff's motion for judgment is continued to November 9th ***.
>
> So they did what I said, they filed their response of [*sic*] pleadings on time. That is why the motion for default is being denied. Now you have our appellate record if you need it."

¶ 11    When Bakhtiari attempted to argue with the court regarding the timing of when his motion was filed, the court answered:

> "It doesn't matter – it doesn't matter – sir, it doesn't matter. They asked for an extension of time, and I granted it. They complied with the extension of time; therefore, your motion for default is denied."

¶ 12    After hearing arguments on Savenok's and Epitome's motions to dismiss, the court granted both motions, dismissing Savenok from the case with prejudice and dismissing the claims against Epitome without prejudice. The court allowed Bakhtiari the opportunity to amend his complaint as it related to his claims against Epitome. When informing Bakhtiari of his options upon the dismissal, the court explained:

> "With regard to Epitome, you can refile. You need to break your paragraphs – you can't put eight sentences each with a different – each sentence with a different fact in it and then incorporate them all and expect the Defendant

4

to parse them out. *** The other thing is, you always have to have, at the end of each count, a prayer for relief for that particular count. If you don't have that, it's a defect that I have to dismiss for.

Now, I'm going to give you time to – and I'm not going to dismiss any of the complaint against Epitome with prejudice because I'm basically saying that it's a 2-615 motion. So you can replead everything. I will tell you, she is correct – [defense counsel] is correct. You cannot plead in your complaint punitive damages. That's something that after the complaint is filed you come to court and you make a motion for punitive damages to add that to your complaint. So don't do that. The other thing is, though – And while I can't tell you what to do, I will tell you that [defense counsel] has given you a primer on everything that is wrong with your complaint, each and every count; so you can utilize that if you wish."

¶ 13        Bakhtiari's first amended complaint was filed on March 7, 2022. On April 29, 2022, Epitome filed another motion to dismiss which made the same arguments as the previous motion to dismiss. The court again dismissed the complaint without prejudice. The written order found that the amended complaint did not comply with section 2-603 of the Code of Civil Procedure and did not properly state a cause of action. 735 ILCS 5/2-603 (West 2020). It dismissed all claims and provided Bakhtiari time to file a second amended complaint.

¶ 14        The second amended complaint was filed on July 20, 2022, and was substantially similar to his original complaint and first amended complaint. The complaint alleged claims of breach of contract, promissory estoppel, promissory fraud, a violation of the Consumer Fraud and Deceptive Business Practices Act, intentional and fraudulent misrepresentation, unjust enrichment, fraudulent inducement, fraudulent concealment, negligent infliction of emotional

5

distress, negligence, a violation of the Illinois Premises Liability Act, and sought a declaratory judgment regarding the habitability status of his apartment. In response, Epitome filed another motion to dismiss arguing that Bakhtiari failed to resolve the deficiencies of his prior complaints in that he failed to remove the conclusory allegations and inflammatory statements. It further argued that instead of removing such allegations, Bakhtiari in fact added more inappropriate comments to the complaint.

¶ 15    In its order dismissing Bakhtiari's second amended complaint, the court found that:

> "[T]he Second Amended Complaint fails to correct the problems from the Amended Complaint and therefore does not comport with 735 ILCS 5/2-603 as set forth in Defendant's motion. The Court incorporates as part of its findings the entirety of Defendant's argument within its motion. As the Court pointed out to the Plaintiff when ruling on the Motion to Dismiss the Original Complaint, the Defendant provided him with a blueprint for correcting his Complaint in the arguments presented in the motion. Plaintiff failed to take heed not once, but twice. Because the Second Amended Complaint does not comport with 735 ILCS 5/2-603, under 735 ILCS 5/2-615 it fails to adequately state a cause of action. Since the Plaintiff has not made any substantial steps in correcting the deficiencies in his Complaint after three attempts, the Court finds him incapable of doing so and therefor the Second Amended Complaint is dismissed with prejudice."

¶ 16    Bakhtiari appeals.

¶ 17                                    II. ANALYSIS

6

¶ 18    Bakhtiari's filings on appeal disregard the admonishments given to him by the circuit court – to submit pleadings without inappropriate, conclusory, and accusatory statements that do not include the proper facts and arguments to support them. Bakhtiari's brief includes accusations of criminal conduct, fraud, and acts of bad faith completely unsupported by the record. Because these accusations do not comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), we will ignore the contentions we find inappropriate and unnecessary and only address the arguments that have merit. See *CB Construction & Design, LLC v. Atlas Brookview, LLC*, 2021 IL App (1st) 200294, ¶ 19.

¶ 19                              A. Default Judgment

¶ 20    Bakhtiari first argues that the circuit court erred in denying his motion for default judgment. He contends that Epitome was in default "as of October 1, 2021," and because it acted deceitfully in order to evade service of his complaint, the court should not have been so lenient in granting an extension to respond to the complaint.

¶ 21    The circuit court may enter a default judgment "for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought." 735 ILCS 5/2-1301(d) (West 2020). A default judgment is a drastic decision, generally not encouraged, and should only be used as a last resort. *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 57. A motion for default judgment should be denied if it would result in a substantial denial of justice. *Id.* Additionally, Illinois public policy prefers legal cases to be decided on their merits rather than by technical defaults. See *Midwest Builder Distributing, Inc. v. Lord & Essex, Inc.*, 383 Ill. App. 3d 645, 665 (2007). A circuit court's decision whether to grant or deny a motion for default judgment will not be reversed absent a finding of an abuse of discretion. See *Dupree*, 2011 IL App (4th) 100351, ¶ 51. A court abuses its discretion when it

7

"acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted." *Mann v. Upjohn Co*., 324 Ill. App. 3d 367, 377 (2001).

¶ 22    While Bakhtiari is of the opinion that the court denied his motion for default judgment without issuing a decision or explaining its reasoning, we find that the court did indeed explain why his motion was denied. When it denied Bakhtiari's motion, the court explained that it opted to give Epitome an extension rather than finding it in default. It ordered Epitome to file a response on or before November 5, 2021, and Epitome filed its motion to dismiss within the timeframe given by the court. The court explained to Bakhtiari that it was denying his motion because Epitome complied with the court's order regarding its new deadline to file a responsive pleading.

¶ 23    Bakhtiari also argues that because thirty days had passed since the summons was served on the Secretary of State with no responsive pleading filed, Epitome should automatically be defaulted. However, by the time Bakhtiari filed his motion for default judgment, Epitome had filed an appearance, and only a week later the court granted an extension to file its response. The circuit court, in the exercise of its sound discretion, allowed for one extension to file a responsive pleading, and Epitome met the deadline given by the court. We do not find the court's decision to grant a single extension arbitrary or unreasonable. See *Mann*, 324 Ill. App. 3d at 377.

¶ 24    Moreover, this is not a case where Epitome continuously failed to appear in court or delayed filing an appearance or pleading. The complaint was filed in August 2021, and a responsive pleading was filed in November 2021. The amount of time between filings was not unreasonable, and the court's extension of time to file a responsive pleading did not create a lengthy delay. It is not evident from the record that this is a case that should have such a drastic

8

result as a default judgment. We therefore find that the court did not abuse its discretion by denying the motion for default judgment.

¶ 25                                    B. Motion to Dismiss

¶ 26        Next, Bakhtiari argues that his second amended complaint sufficiently alleged the causes of action raised and that the court erred in dismissing it with prejudice. Specifically, Bakhtiari contends that the court erred in dismissing his breach of contract, fraudulent concealment, negligence, and negligent infliction of emotional distress claims.

¶ 27        In the circuit court, Epitome filed its motion to dismiss under section 2-615 of the Code of Civil Procedure challenging the sufficiency of the complaint based on facial defects. 735 ILCS 5/2-615 (West 2020). Illinois is a fact-pleading state, which requires a plaintiff to "allege facts, not mere conclusions, to establish his or her claim as a viable cause of action." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008). Conclusions of law and allegations that are not supported by the record must be disregarded by the court. *Pierce v. Carpentier*, 20 Ill. 2d 526, 531 (1960). A section 2-615 motion to dismiss challenges the allegations in the complaint and asks the court to determine whether, when viewed in the light most favorable to the plaintiff, the facts alleged are sufficient to state a cause of action. 735 ILCS 5/2-615 (West 2020). While it is unnecessary for the plaintiff's pleading to prove the case entirely, it must allege enough facts to state each of the elements of the claim. *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 339 Ill. App. 3d 177, 182 (2003). Section 2-603 of the Code also requires all pleadings to "contain a plain and concise statement of the pleader's cause of action" and "[e]ach separate cause of action *** shall be stated in a separate count *** and each count *** shall be separately pleaded, designated and numbered, and each shall be divided into paragraphs numbered consecutively,

9

each paragraph containing, as nearly as may be, a separate allegation." 735 ILCS 5/2-603 (West 2020).

¶ 28       When reviewing a ruling on a motion to dismiss, we apply a *de novo* standard of review. *Pooh-Bah Enterprises, Inc.*, 232 Ill. 2d 463, 473 (2009). Bakhtiari raises four arguments on appeal related to the court's dismissal of his complaint. We address each count in turn.

¶ 29                                         1. Breach of Contract

¶ 30       Bakhtiari first argues that the court erred in dismissing his breach of contract claim because he sufficiently alleged all the required elements of the claim. To support his cause of action for breach of contract, Bakhtiari had to allege facts that establish: (1) the existence of a valid and enforceable contract, (2) the plaintiff's performance of all of his contractual obligations, (3) the defendant's breach of the contract, and (4) the damages as a result. *Finch v. Illinois Community College Board*, 315 Ill. App. 3d 831, 836 (2000). It is also necessary to plead and prove that he himself performed all conditions precedent to the contract. *Id.* Allegations demonstrating the existence of a contract must contain facts indicating an offer, acceptance, and consideration. *Lindy Lu LLC v. Illinois Central R.R. Co.*, 2013 IL App (3d) 120337, ¶ 21.

¶ 31       After examining Bakhtiari's second amended complaint, we find that he failed to adequately plead a breach of contract action. First, his allegations as to the existence of a contract amount to a legal conclusion, which can neither be admitted as true nor adequate to serve as the essential elements of a complaint. See *Talbert v. Home Sav. of America, F.A.*, 265 Ill. App. 3d 376, 380 (1994); *Martin-Trigona v. Bloomington Federal Sav. & Loan Ass'n*, 101 Ill. App. 3d 943, 945 (1981).

¶ 32       Additionally, on appeal Bakhtiari provides absolutely no authority to support his argument that the circuit court erred in dismissing his breach of contract claim. He only offers

conclusory statements that he properly alleged facts sufficient to sustain the claim. Bakhtiari also failed to comply with Rule 341(h)(7), which requires that the appellant's arguments contain his contentions and reasons therefore, with citations to authorities and to the pages of the record relied upon in support of the appellant's contentions. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). We are "entitled to have the issues clearly defined, with pertinent authorities cited and a cohesive legal argument presented." *Williams v. Danley Lumber Company*, 129 Ill. App. 3d 325, 325 (1984). Moreover, we may waive any issue that has not been properly presented to the court. *Id*. Because Bakhtiari has not provided us with sufficient allegations to prove a contract existed nor an argument with legal authority that supports his conclusions, we find that Bakhtiari has failed to present a cohesive argument upon which we can properly review, and his argument here is waived. See *id.*

¶ 33                                2. Fraudulent Concealment

¶ 34        Next, Bakhtiari contends that his fraudulent concealment claim was improperly dismissed. In order to state a claim for fraudulent concealment, "a plaintiff must allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Connick v. Suzuki Motor Company, Ltd*., 174 Ill. 2d 482, 500 (1996). A duty to disclose a material fact can only arise out of two specific situations. *Id.* First, if in a fiduciary or confidential relationship with the plaintiff, then a defendant is under a duty to disclose all material facts. *Id.* Second, a duty to disclose may arise out of a situation where the plaintiff places trust and confidence in the defendant, thereby placing the defendant in a position of influence and superiority over the plaintiff. *Kurti v. Fox Valley Radiologists, Ltd*., 124 Ill. App. 3d 933, 938 (1984). This position of superiority may arise by reason of friendship, agency, or experience. *Id.* Any claim for fraudulent concealment must fail if a fiduciary or special

11

relationship giving rise to a duty to speak is not established. *Hassan v. Yusuf*, 408 Ill. App. 3d 327, 345 (2011).

¶ 35    Here, Bakhtiari failed to state a claim for fraudulent concealment because he failed to adequately allege that Epitome had a duty to disclose its knowledge regarding the sewer system. The complaint merely alleged that he leased an apartment unit from Epitome. At no time does Bakhtiari assert that leasing an apartment from Epitome creates a fiduciary relationship or that Epitome was in a position of superiority over him. Without such allegations, Bakhtiari's complaint does not sufficiently allege a duty to disclose material facts that gives rise to a claim for fraudulent concealment. See *Kurti*, 124 Ill. App. 3d at 938.

¶ 36    Further, Bakhtiari's second amended complaint is completely devoid of any factual allegations concerning what material fact Epitome allegedly concealed. Without establishing either of these critical elements, Bakhtiari's fraudulent concealment count must fail. See *Hassan*, 408 Ill. App. 3d at 345. Accordingly, the count of common law fraudulent concealment was properly dismissed by the circuit court.

¶ 37                                  3. Negligence

¶ 38    Bakhtiari next claims that he included enough facts to support his claim for negligence. To state a cause of action for negligence, Bakhtiari must allege that Epitome owed him a duty of care, Epitome breached that duty, and he received an injury as a result of that breach. *Choate v. Indiana Harbor Belt R.R. Co.*, 2012 IL 112948, ¶ 22. All three elements must be alleged to survive a motion to dismiss. *Bescor, Inc. v. Chicago Title & Trust Co.*, 113 Ill. App. 3d 65 (1983).

¶ 39    Like his fraudulent concealment claim, Bakhtiari failed to allege any facts to support an allegation that Epitome owed him any kind of duty. Bakhtiari makes a conclusory statement that

12

Epitome owed him a duty and breached that duty but does not allege any facts that explain what that duty was and what breach occurred. It is not enough to merely allege a duty existed. *Woodson v. North Chicago Community School District 64*, 187 Ill. App. 3d 168, 172 (1989). "In any action for negligence, the plaintiff must present sufficient evidence to establish the defendant owed a duty to the plaintiff." *LePretre v. Lend Lease (US) Construction, Inc.*, 2017 IL App (1st) 162320, ¶ 25. Thus, the court did not err in granting Epitome's motion to dismiss this claim when Bakhtiari failed to properly allege that any kind of duty existed.

¶ 40                                  4. Negligent Infliction of Emotional Distress

¶ 41        The last claim Bakhtiari argues on appeal is that the court erred in dismissing his cause of action for negligent infliction of emotional distress. Negligent infliction of emotional distress requires a showing that the plaintiff was in the "zone of danger," felt contemporaneous fear for his safety, and some sign of physical injury or illness as a result of his emotional distress. *Shirk v. Kelsey*, 246 Ill. App. 3d 1054, 1069 (1993). Bakhtiari has failed to allege any facts to establish any element of this claim. Moreover, Bakhtiari once again has failed to provide a cohesive argument with relevant authority for us to review. See Ill. S. Ct. R. 341 (eff. Oct. 1, 2020). We must therefore find that his argument regarding negligent infliction of emotional distress is waived. See *Williams v. Danley Lumber Company*, 129 Ill. App. 325 (1984).

¶ 42                                            5. Dismissal with Prejudice

¶ 43        Finally, we must address whether the court erred in dismissing the second amended complaint with prejudice. Section 2-615 does not grant plaintiffs the right to unlimited amendments. See 735 ILCS 5/2-615 (West 2022); *Plocar v. Dunkin' Donuts of America, Inc.*, 103 Ill. App. 3d 740, 750 (1981). The decision whether to permit further amendment of pleadings or to terminate the litigation is within the sound discretion of the court. *Capitol Indem.*

*Corp. v. Stewart Smith Intermediaries, Inc*., 229 Ill. App. 3d 119, 127 (1992). In this regard, the circuit court may consider the ultimate efficacy of the claim and whether the plaintiff had prior opportunities to amend. *Id.*

¶ 44     In this case, the record shows that the circuit court dismissed the original complaint with leave to amend. When dismissing the complaint, the court explained to Bakhtiari what he must do to comply with section 2-603 of the Code. See 735 ILCS 5/2-603 (West 2020). It also pointed out that Epitome's attorney had given him a "primer" in the motion to dismiss and that it outlined everything he had done incorrectly in his complaint that must be corrected in the amended complaint. The first amended complaint was dismissed for the same reasons as the original complaint. The court again gave Bakhtiari leave to amend his complaint. The second amended complaint was equally defective in stating a claim, and the court noted that no substantial improvements to correct the deficiencies had been made. It found Bakhtiari had not made any effort to correct his mistakes and submit a fully compliant complaint. Given this record, Bakhtiari has failed to show that the circuit court abused its discretion in dismissing the second amended complaint with prejudice. Thus, we find that the circuit court acted reasonably finding Bakhtiari's attempts to improve his complaint were insufficient and that the complaint should be dismissed with prejudice.

¶ 45                                    III. CONCLUSION

¶ 46     For the reasons stated above, the judgment of the circuit court of Du Page County is affirmed.

¶ 47     Affirmed.

14